# Exhibit 1

W. SCOTT SIMPSON (*Pro Hac Vice* forthcoming)
JONATHAN BELING (*Pro Hac Vice* forthcoming)
SIMPSON, MCMAHAN GLICK & BURFORD, PLLC
2700 Highway 280, Suite 203W
Birmingham, Alabama 24112
Telephone: (205) 876-1600
Email: wsimpson@smgblawyers.com
jbeling@smgblawyers.com

LEE E. BAINS, JR. (*Pro Hac Vice* forthcoming)
THOMAS W. THAGARD (*Pro Hac Vice* forthcoming)
JAMES C. LESTER (*Pro Hac Vice* forthcoming)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Email: lbains@maynardcooper.com
tthagard@maynardcooper.com
jlester@maynardcooper.com

LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 646-4700

Attorneys for Defendants HOMETOWN AMERICA MANAGEMENT
CORP., HOMETOWN AMERICA MANAGEMENT L.P.,
HOMETOWN AMERICA MANAGEMENT LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAM FOLKS and ELEANOR MILLER, on behalf of themselves and all others similarly situated, | CASE NO. |
| Plaintiffs, | **DECLARATION OF LINDA B. OLIVER IN SUPPORT OF NOTICE TO REMOVAL** |
| vs. | (Removed from the Superior Court for Sonoma County, California, Case No. SCV262471) |
| HOMETOWN AMERICA MANAGEMENT CORPORATION, a Delaware corporation; HOMETOWN AMERICA MANAGEMENT L.P., a Delaware partnership; HOMETOWN AMERICA MANAGEMENT LLC, a Delaware limited liability company, dba THE ORCHARD MOBILEHOME COMMUNITY; DANI CRAWFORD; and DOES 1 through 20, | |
| Defendants. | |

1

I, Linda B. Oliver, declare:

1.      I am an attorney duly licensed to practice law before all the courts of the State of California and before the United States District Court for the Northern District of California, and an attorney with the law firm of Maynard, Cooper & Gale, LLP, attorneys of record for Defendants Hometown America Management Corporation, Hometown America Management, L.P., and Hometown America Management, LLC (collectively "Defendants") in this civil action. The facts stated herein are true and correct and of my personal knowledge, and if called and sworn as a witness, I could and would competently testify thereto under oath.

2.      Defendant Hometown America Management Corporation was first served with Summons and Complaint on May 24, 2018.  Defendants Hometown America Management, L.P. and Hometown America Management, LLC were first served with Summons and Complaint on May 29, 2018.

3.      Attached as Exhibit A hereto is a true and correct copy of all process, pleadings, notices, and orders delivered to any party in the state court action pending in the Superior Court of the State of California for the County of Sonoma, entitled *Cam Folks and Eleanor Miller v. Hometown America Management Corporation, Hometown America Management, L.P., Hometown America Management, LLC, and Dani Crawford*, Case No. SCV 262471.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed on the 21 day of June, 2018 at San Francisco, California.

_____
LINDA B. OLIVER

DECLARATION OF LINDA B. OLIVER IN SUPPORT OF NOTICE TO REMOVAL

# Exhibit A

| | **SUM-100** |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | |

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** HOMETOWN AMERICA MANAGEMENT
*(AVISO AL DEMANDADO):* CORPORATION, a Delaware
corporation; HOMETOWN AMERICA MANAGEMENT L.P., a
Delaware partnership; HOMETOWN AMERICA MANAGEMENT,
LLC, a Delaware limited liability company; dba THE
ORCHARD MOBILEHOME COMMUNITY; DANI CRAWFORD; and DOES
1 through 20, inclusive

**ENDORSED**
**FILED**
**MAY 1 5 2018**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:** CAM FOLKS and ELEANOR
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* MILLER, on behalf
of themselves and all others similarly situated, an
individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>The Superior Court of California<br>County of Sonoma<br>600 Administration Drive<br>Santa Rosa, CA 95403 | **CASE NUMBER:**<br>*(Número del Caso):*<br>262471<br>SCV |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark P. Robinson, Jr. (SBN 054426)          949-720-1288    949-720-1292
Robinson Calcagnie, Inc.
19 Corporate Plaza Drive
Newport Beach, CA 92660

| DATE:<br>*(Fecha)* **MAY 1 5 2018**    ARLENE D. JUNIOR | Clerk, by     JENNIFER ELLIS | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark P. Robinson, Jr. (SBN 054426)<br>Robinson Calcagnie, Inc.<br>19 Corporate Plaza Drive<br>Newport Beach, CA 92660 | **ENDORSED FILED**<br>MAY 15 2018<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

TELEPHONE NO.:          FAX NO.:

ATTORNEY FOR (Name): Plaintiffs Cam Folks, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

CASE NAME: Folks, et al. v. Hometown America Management Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: SCV 262471 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Five (5)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: May 15, 2018
Mark P. Robinson, Jr. (SBN 054426)
(TYPE OR PRINT NAME)          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

1 | Mark P. Robinson, Jr. (SBN 054426)
2 | ROBINSON CALCAGNIE, INC.
19 Corporate Plaza Drive
3 | Newport Beach, California 92660
Telephone: (949) 720-1288
4 | Fax: (949) 720-1292
mrobinson@robinsonfirm.com

5 | Mary Alexander
6 | MARY ALEXANDER & ASSOCIATES, P.C.
44 Montgomery Street, Suite 1303
7 | San Francisco, CA 94104
Telephone: (415) 433-4440
8 | Fax: (415) 433-5440
malexander@maryalexanderlaw.com

9 |
10 | Attorneys for Plaintiffs
and the Proposed Class

**ENDORSED
FILED**

MAY 1 5 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

11

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

12

### COUNTY OF SONOMA       262471

13

CAM FOLKS and ELEANOR MILLER, on behalf of themselves and all others similarly situated, an individual,

Case No. SCV  262471

**CLASS ACTION COMPLAINT**

Plaintiffs,

vs.

**JURY TRIAL DEMANDED**

HOMETOWN AMERICA MANAGEMENT CORPORATION, a Delaware corporation; HOMETOWN AMERICA MANAGEMENT L.P., a Delaware partnership; HOMETOWN AMERICA MANAGEMENT, LLC, a Delaware limited liability company; dba THE ORCHARD MOBILEHOME COMMUNITY; DANI CRAWFORD; and DOES 1 through 20, inclusive,

Defendants.

Plaintiffs Cam Folks and Eleanor Miller, on behalf of themselves and all others similarly situated ("Plaintiffs"), against Defendants Hometown America Management Corporation, Hometown America Management L.P., Hometown America Management, LLC, dba The Orchard Mobilehome Community, Dani Crawford (together "Hometown America" or the "Hometown America Defendants"), and Does 1 through 50, allege as follows:

1

CLASS ACTION COMPLAINT

## I.    INTRODUCTION

1.      In early October 2017, a series of wildfires devastated nearly 250,000 acres across nine (9) Northern California counties, damaging and destroying thousands of homes and displacing thousands of people.

2.      The plaintiffs in this case are older citizens (over the age of 55, with the majority over the age of 65) whose homes were damaged and destroyed in the Santa Rosa fire. But, this case is not about the fires that destroyed their homes. This case is about what has happened and how they have been mistreated *after* the fire. This case is about older citizens who have been put in a physically, emotionally, and financially vulnerable position.

3.      Since the fires in October of 2017, Plaintiffs Cam Folks (59 years old) and Eleanor Miller (93 years old), as well as other residents of Hometown America's The Orchard mobilehome park community in Santa Rosa, have been left basically homeless. Their homes – homes they loved in a community they loved – were damaged and destroyed in the fire. For many months now, they have been sleeping on couches in friends' homes, staying in motels, and moving from place to place. They are tired, broken, and struggling to survive while they wait to return to their homes.

4.      After the fire destroyed their homes, Hometown America promised Plaintiffs that they would do the right thing and act quickly to get Plaintiffs back into their homes and back into The Orchard community.

5.      Hometown America has delayed in allowing Plaintiffs to move back into the community, resulting in it being financially infeasible for them to do so.

## II.    FACTUAL BACKGROUND

6.      Plaintiff Cam Folks, 59 years old, and Eleanor Miller, 93 years old, and the members of the Class, are people who owned homes in a mobilehome park community called The Orchard in Santa Rosa, and who lost or sustained damage to their homes as a result of the Santa Rosa fire on October 8 and 9, 2017. The photo below shows one of the homes in The Orchard destroyed by fire:



7.      Dozens of homes were severely damaged or destroyed in the fire, including the homes of Plaintiffs Cam Folks, Eleanor Miller, and the members of the Class who are all are senior citizens

8.      The Orchard is a 55 years of age and over manufactured home community in Santa Rosa. It is considered a "mobilehome park" under California law.

9.      Defendants Hometown America Management Corporation, Hometown America Management L.P., Hometown America Management, LLC, (together "Hometown America" or the "Hometown America Defendants") own, operate and manage what is called "The Orchard Community."[1]

---

[1] Defendant Dani Crawford is the California based Regional Manager for Hometown America.

3

10.     Hometown America is one of the largest manufactured home providers and owners and operators of mobilehome parks in the United States, including California.  The photo below shows Hometown America's corporate headquarters in Chicago, Illinois:



11.     Plaintiffs Cam Folks, Eleanor Miller and the members of the Class were, at the time of the fire on October 8 and 9, 2017, owners of manufactured homes in The Orchard who leased the land where their homes were situated from Hometown America pursuant to a "rental agreement."

12.     As a result of the fire, Plaintiffs Cam Folks, Eleanor Miller and the members of the Class had to flee their homes with very little notice and evacuate at approximately 3:15 a.m. in the early

4

CLASS ACTION COMPLAINT

1  morning on October 9, 2017.  Their homes were destroyed and they have been displaced since October
2  9, 2017 having to find various places to stay wherever they can.

3       13.    Plaintiff Cam Folks – like many in the community – initially stayed with friends in the
4  nearby Coffee Park neighborhood, sleeping on couches and trying to find a place to stay while working
5  two (2) jobs.  Ms. Folks cannot afford to rent her own house or apartment, so she is currently renting a
6  room in someone else's home.  Plaintiff Eleanor Miller, 93 years old, also cannot afford to rent her own
7  home or apartment, and now shares a 750 square foot apartment with another displaced resident.

8       14.    Plaintiffs Cam Folks, Eleanor Miller, and the members of the Class have one collective
9  goal: they want to be able to return to their homes in The Orchard community and resume their lives.
10  Since October 2017, Plaintiffs have repeatedly reached out to representatives of The Orchard, including
11  Dani Crawford and others, and expressed their need and desire to expedite the process so they can move
12  back onto The Orchard property as quickly as possible.

13      15.    Plaintiffs Cam Folks, Eleanor Miller and the members of the Class were repeatedly told
14  by Hometown America that Hometown America would do whatever it possibly could to get them back
15  living in their homes in The Orchard as soon as possible.

16      16.    In the months following the fire, Hometown America basically abandoned the residents
17  of The Orchard by failing to regularly communicate with the displaced residents, declining FEMA
18  assistance, delaying the clean-up and rebuild process, threatening to charge rent even though people have
19  not been able to return to their homes, claim they may be forced to increase the price quoted for
20  replacement mobile homes back in February 2018, and other wrongful conduct.

21      17.    Hometown America's conduct threatens to result in many class members being unable to
22  move back into The Orchard. This would also result in Hometown America alternatively leasing many
23  of these mobilehome sites to new residents.

24      18.    For example, beginning in late October 2017, after the fire, Hometown America told
25  Plaintiffs Cam Folks, Eleanor Miller and the members of the Class that it, as the owner of the land where
26  their homes were situated within the park, would work with FEMA to have the debris from the fire
27  cleaned up and removed so that they could rebuild and move back into their homes. Yet, after making
28  these promises to Plaintiffs, Hometown America failed to take the necessary steps to get FEMA

CLASS ACTION COMPLAINT

1    assistance for the clean-up. Instead, Hometown America informed Plaintiffs Cam Folks, Eleanor Miller

2    and the members of the Class that the remediation and clean-up process was going to *take longer* (up to

3    several months) and *cost more* ($35,000) because their homes required special remediation and mitigation

4    procedures, because they were manufactured with asbestos containing products (i.e., linoleum flooring)

5    which had been disturbed and released in the fire (even though this fact had never been previously

6    disclosed).

7         19.    As a result of learning this information, some fire victims concluded that they would not

8    be able to afford to move back into The Orchard community, and have made alternative, permanent living

9    arrangements.

10        20.    As a result, Hometown America did not obtain post-fire clearance for rebuild of homes in

11   The Orchard community from the City of Santa Rosa for over six months, effectively delaying the entire

12   re-build process for half a year. As an analogy, at least 18 homes in the adjacent community of Coffee

13   Park were under construction as of March 2018. By comparison, in The Orchard, where the homes are

14   prefabricated, construction has been delayed well past May 2018.

15        21.    From October 2017 to December 2017, Plaintiffs Cam Folks, Eleanor Miller and the

16   members of the Class made countless calls to Hometown America, requesting information and a timeline

17   so they could make plans to return to their homes in The Orchard community. Hometown America

18   provided vague responses, but assured them they were working on a plan.

19        22.    In January 2018, representatives of Hometown America attended The Orchard community

20   residents' potluck, which took place at The Orchard community clubhouse. Hometown American

21   representatives announced that they were putting together a program to help fire victims replace their

22   homes and return to The Orchard community and said that additional information would be provided on

23   February 1, 2018.

24        23.    On February 1, 2018, Hometown America made available a seven (7) page pamphlet for

25   fire victims to pick up at the Hometown America office located within The Orchard community. The

26   pamphlet was comprised of a single page introductory letter with five pages displaying the floor plans

27   for five (5) fabricated homes which Hometown American said it had pre-approved for rebuild, and one

28   page describing the "Option Packages" available, with respect to cabinets, appliances, ceilings and a

1    fireplace selection.   A copy of the pamphlet is attached as <u>Exhibit 1</u>.  For example, the information

2    regarding the "Claremont" model is shown on the screenshot of the pamphlet on the following page:



Exhibit 1, at p. 6.

24.    Hometown America's letter said that, once residents reviewed the plans and option

packages, they should contact Hometown America representatives to schedule an appointment.

25.    After they obtained and reviewed the package, Plaintiffs Cam Folks and Eleanor Miller

scheduled meetings and met with Hometown America representatives.  During those meetings, which

took place in February 2018, Plaintiffs learned that Hometown America was not offering any type of

model walk throughs or virtual (web-based) tours of the home options.  Rather, Hometown American

said that the fire victims had to make their decisions based only on the information provided in the

pamphlet. Hometown America also advised Plaintiffs that virtually no modifications of the existing plans

were available.   Hometown America further made clear that, if the fire victims declined to proceed with

the options presented, and wanted to try to bring a different home onto their previous property, Hometown

7

CLASS ACTION COMPLAINT

1  America representatives would have the right to decline such a request following a lengthy approval
2  process at their discretion.

3    26.    Hometown America concluded the initial meetings by informing the fire victims that once
4  they selected a floor plan a second meeting would be scheduled, during which the fire victims would
5  place their orders.  Thereafter, Hometown America stated the fire victims' orders would be reviewed by
6  the builder, who would calculate additional pricing for any upgrades or modifications.  Following builder
7  review, Hometown America said that a third meeting would be scheduled, at which time a fifty percent
8  (50%) deposit and financing options would be discussed.

9    27.    Hometown America also advised Plaintiffs Cam Folks, Eleanor Miller and the members
10  of the Class that Hometown would only be able to build twenty (20) to twenty -five (25) homes per year
11  even though approximately seventy-eight (78) homes had been destroyed. They also informed the fire
12  victims that they would be stopping production of all manufactured homes in November 2018, and only
13  resume in the Spring 2019.  Consequently, dozens of the fire victims would not be able to move back
14  onto their properties for over a year after the rebuild process begins, (and more than eighteen (18) months
15  after the fire).

16    28.    On April 26, 2018, Plaintiffs Cam Folks, Eleanor Miller and the members of the Class
17  received a letter from a lawyer for Hometown America.  The letter stated that The Orchard community
18  had received post-fire clearance from the City of Santa Rosa for all mobile home sites within the
19  community; therefore, should fire victims intend to return, their obligation to pay monthly space rent will
20  commence on September 1, 2018.

21    29.    The April 28, 2018 communication has had a devastating emotional effect on the fire
22  victims.    Plaintiffs Cam Folks, Eleanor Miller and the members of the Class cannot afford to
23  simultaneously pay for: (1) the rental mobile home park space (e.g., $725.00 per month) while they are
24  not even able to live there; (2) their current living conditions while they wait: and (3) the large deposit
25  required to rebuild of their homes.  Plaintiffs have also been informed that they are not allowed to place
26  their own, temporary trailers on the property and live there while they wait for their homes to be rebuilt,
27  even *after* they are required to pay space rent beginning in September of 2018.  Together, these factors

28

CLASS ACTION COMPLAINT

1 | have already resulted in some residents throwing in the towel and deciding not to return to their homes

2 | in The Orchard and they will continue to prevent others from being able to return to the community.

3 |     30.    Hometown America knows this. It knows that Plaintiffs are not wealthy people[2] who can

4 | afford what Hometown America is demanding. Hometown America is a sophisticated corporation. It

5 | owns, manages and operates mobile home parks throughout the country. Hometown America stands to

6 | profit from selling mobile homes and leasing space to *new* residents (it can charge more for the sale of a

7 | new home and charge more in space rent) rather than continuing the current leases and providing

8 | replacement homes for *existing* residents. Hometown America has effectively dis-incentivized fire

9 | victims (physically, emotionally, and financially) from moving back into their homes in the community.

10 |     31.    Plaintiffs Cam Folk and Eleanor Miller do not like the proposed, unmodifiable floor plan

11 | options and they are frustrated with the lack of detailed information, as well as the omission of models

12 | to walk through or virtual tours available, provided by Hometown America. Nevertheless, they are

13 | anxious to return to their homes, so they have selected one of the five models offered, and have tried,

14 | numerous times, to set up their next appointment in order to move the building process forward.

15 |     32.    Hometown America is, however, unfairly, unduly and unnecessarily continuing to delay

16 | the rebuild process. To date, three (3) months after making the 7-page rebuild pamphlet available,

17 | Hometown America has failed to schedule second meetings with Plaintiffs Cam Folks, Eleanor Miller

18 | and the members of the Class.

19 |     33.    On May 14, 2018, members of the class received an email correspondence making

20 | statements about Hometown America diligently working to get the fire victims back into The Orchard

21 | community as soon as possible. Unfortunately, this letter did not fix anything; it did not state that the

22 | class members' space rent obligations will be suspended until their homes are move in ready (versus the

23 | September 1, 2018 current deadline); nor does it state that the class members will be able to move back

24 | into The Orchard in a reasonable period of time.

25 |

26 |

27 | [2] Plaintiffs are hard-working, middle-class senior citizens who have invested everything they have into

28 | their homes. Many of them lived in The Orchard community for decades before the fire. They feel a
close connection to their neighborhood and the Santa Rosa community.

34.    Hometown America's failure to expeditiously move forward with the clean-up, remediation, repair, and rebuilding process has harmed Plaintiffs and the members of the Class. Plaintiffs are older citizens (in their mid to late 50s through 90s). They are senior citizens who live on very limited or fixed incomes, who are barely managing to stay afloat given the additional expenses they are incurring in their temporary living conditions in the wake of this tragedy.

## III.    JURISDICTION AND VENUE

35.    This is an action for violations of California law. The claims asserted by Plaintiffs against the Hometown America Defendants are based on violations of state law and Hometown America's duties, obligations, and responsibilities under state law. Plaintiffs are not asserting any causes of action arising under federal law against Hometown America in this action. This Court has subject matter jurisdiction over this matter. Hometown America does and has done significant business in the State of California. Hometown America does substantial business in California and has employees, managers, agents, and representatives in California. Hometown America has sufficient minimum contacts with California and with persons in California and has purposefully availed itself of the benefits from California and has property in California so as to render the exercise of jurisdiction over Defendants by the California courts consistent with traditional notions of fair play and substantial justice.

36.    Plaintiffs and members of the Class are residents of Santa Rosa. The property at issue in this case is in Santa Rosa. Jurisdiction and venue are proper in this Court because the complained of acts, practices and conduct giving rise to this action took place, in whole or in part, in the State of California and the County of Santa Rosa, and Defendants' duties and obligations to Plaintiffs and the other members of the Class are or were to be performed in the geographical territory of this Court such that venue is proper in this Court.

## IV.    THE PARTIES

37.    Plaintiff and proposed Class Representative Cam Marie Folks is 59 years old. She is the owner of a home in The Orchard mobile home park and lived in that community since 2012. Her home was destroyed in the fire. She has been left homeless as a result of the fire and has been staying with friends in the Coffee Park neighborhood in Santa Rosa since the fire in October of 2017. While continuing to work two (2) jobs, she sleeps on a couch in the living room of one of her friends.

38.    Plaintiff and proposed Class Representative Eleanor Miller is 93 years old. At the time of the fire, she was a homeowner and resident in The Orchard where she had lived since the early 1980s. Her home was destroyed in the Fires.  She has been living in various places since the fire, including motels and apartments.

39.    Defendant Hometown America Corporation, is a Delaware corporation, with its principal place of business in Chicago, Illinois. Defendant Hometown America Management L.P., is a Delaware partnership, with its principal place of business in Chicago, Illinois.  Defendant Hometown America Management, LLC, is a Delaware limited liability company, with its principal place of business in Chicago, Illinois. Defendant Hometown America Corporation is the parent corporation of Defendants Hometown America Management L.P. and Hometown American Management, LLC which are wholly owned and controlled by Hometown America Corporation and share the same location, ownership, interests, management, employees, managers, including Defendant Dani Crawford who is the Regional Manager for Hometown America in California and who resides in Sacramento County, and business operations.

40.    The Hometown America Defendants own, operate, manage and control mobilehome parks throughout the United States, including in California, and including The Orchard park.  Even though Hometown America had employees, agents and managers on-site at The Orchard, Hometown America's executives, including its Co-President, Stephen Braun, were directly involved in committing the wrongful conduct alleged herein on behalf of Hometown America.

41.    The true names of Does 1 through 20, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs who, under California Code of Civil Procedure § 474, sue these Defendants under fictitious names.

42.    Each of the fictitiously named Does Defendants is responsible in some manner for the conduct alleged herein, including, without limitation, by way of conspiracy, aiding, abetting, furnishing the means for, and/or acting in capacities that create agency, respondeat superior, and/or predecessor- or successor-in-interest relationships with the other Defendants.

43.    The Doe Defendants are private individuals, associations, partnerships, corporations, or other entities that actively assisted and participated in the negligent and wrongful conduct alleged herein

11

1   in ways that are currently unknown to Plaintiffs. Some or all of the Doe Defendants may be residents of

2   the State of California. Plaintiffs may amend or seek to amend this Complaint to allege the true names,

3   capacities, and responsibility of these Doe Defendants once they are ascertained, and to add additional

4   facts and/or legal theories.

5       44.   Plaintiffs make all allegations contained this Complaint against all Defendants, including

6   Does 1 through 20.

7       45.   Plaintiffs are informed and believe that the Defendants herein, and each of them, were

8   agents and/or employees each of the other and in acting and/or failing to act as alleged herein, the

9   Defendants, and each of them, were acting in the course and scope of said agency and/or employment

10  relationship.

11                **V.    ADDITIONAL FACTUAL ALLEGATIONS**

12      46.   Plaintiffs Cam Folks, Eleanor Miller and the members of the Class were owners of homes

13  in The Orchard, which is a 55 years of age and over manufactured home community in Santa Rosa,

14  California. The Orchard is considered to be a mobilehome park under California law.

15      47.   Hometown America is one of the largest owners and operators of mobile home parks in

16  the United States. Hometown America owns and manages The Orchard.

17      48.   The Santa Rosa fire in October of 2017 decimated The Orchard park, destroying 80

18  homes, including those of Plaintiffs Cam Folks, Eleanor Miller and members of the Class.

19      49.   Hometown America was the owner of The Orchard mobilehome park and was responsible

20  for the employees, agents and other representatives at the park authorized to act on its behalf in matters

21  relating to tenants at the park.

22      50.   The homes of Plaintiffs Cam Folks, Eleanor Miller, and the members Class are

23  "mobilehomes" within the meaning of Civil Code 798.3, which includes "manufactured homes," as

24  defined in Health & Safety Code Section 18008.

25      51.   Plaintiffs Cam Folks, Eleanor Miller, and the members of the Class were, as of October

26  8, 2017, all residents of the same mobilehome park, as defined by Civil Code Sections 798.4 and 798.6,

27  and Health & Safety Code Section 18210.7, and were all "homeowners" within the meaning of Civil

28

12

1  Code Section 798.9, are all seniors who are homeowners who are 55 years of age or older or their

2  authorized representatives.

3      52.    Plaintiffs Cam Folks, Eleanor Miller and the members of the Class all entered into an

4  "rental agreement," within the meaning of Civil Code Section 798.8, with Hometown America

5  establishing the terms and conditions of their tenancy and lease at the park.

6      53.    The Mobilehome Residency Law ("MRL"), found in Section 798 et seq. of the Civil Code,

7  establishes the rights and responsibilities of homeowners and park management in California, including

8  Hometown America.

9      54.    Under the MRL, Hometown America was not allowed to change the terms of the rental

10 agreement without the consent of Plaintiffs Cam Folks, Carol Spear and the members of the Sub-Class.

11 Any rule or regulation that is unilaterally adopted by the park management, is implemented without the

12 consent of the homeowners is void and unenforceable under Civil Code Section 798.25.5.

13     55.    Despite knowing that it could not legally do so, Hometown America has – in the wake of

14 the fire – unfairly, unlawfully, fraudulently, and deceptively tried to change the terms of the rental

15 agreement in breach of that agreement and tried to impose additional costs and fees which are not

16 authorized under the rental agreement and for which Plaintiffs Cam Folks, Eleanor Miller and the

17 members of the Class are not required to pay (and which Hometown America is actually responsible for).

18     56.    Likewise, under the MRL, Hometown America was not allowed to try to charge Cam

19 Folks, Eleanor Miller and the members of the Sub-Class any additional costs for fees that were not

20 specifically spelled out in the rental agreement and which they cannot (and should not be permitted to)

21 pass onto Plaintiffs.

22     57.    Any change to the terms of a park rental agreement or the park's rules or regulations that

23 creates a new fee payable by the homeowner and that has not been expressly agreed upon by the

24 homeowner and management in the written rental agreement or lease is void and unenforceable pursuant

25 to Civil Code Section 798.25(e).  Yet, despite the fact that such costs are not spelled out in the rental

26 agreement and despite the fact that the homeowners have not agreed on such costs, Hometown America

27 is trying to force the homeowners to pay things that are not authorized or permitted and which are

28 Hometown America's responsibility and trying to overcharge Plaintiffs.

13

CLASS ACTION COMPLAINT

58.    Hometown America has breached its duties and obligations under the MRL and is forcing the homeowners, including Plaintiff Cam Folks, Eleanor Miller and the members of the Class, to pay for things that it is responsible for (both under California law and pursuant to the terms of the rental agreement).   A corporation should never attempt to profit or capitalize on a tragedy that has harmed people and should never betray those who put their trust and confidence in them to do the right thing in a time of need.  Hometown America's conduct and business practices are unfair, unlawful, fraudulent, and deceptive.

59.    Plaintiffs Cam Folks, Eleanor Miller and the members of the Class entered into a contract with Hometown America.

60.    Paragraph 14 of Standard Rental Agreement (the "Hometown America Contract") specifically incorporated the provisions of the MRL as though fully set forth in the document.

61.    Hometown America has tried to force Plaintiffs Cam Folks, Eleanor Miller and the members of the Sub-Class to pay for things that Hometown America is responsible for and to pay rent and put a significant deposit down on their replacement home as a condition and prerequisite to their being able to return to The Orchard and rebuild their homes.

62.    On October 16, 2017, Noemi Padilla, part of the management for Hometown America, sent an email to each of the residents of The Orchard.  The email stated, in part:

> Dear Resident,
>
> There are no words to adequately convey our sympathies to those who have lost their homes or suffered damage at The Orchard and throughout California due to the devastating fires.  Our prayers and attention are with you.
>
> The fires are still burning. . . .
>
> We want to assist all of those who wish to rebuild and make it as simple and cost effective as possible.
>
> We will honor all leases as written and as long as you rebuild your home we'll honor those leases and they will remain in force.
>
> Hometown is one of the larger dealer and installers of manufactured homes in the country.  We will bring our resources and knowledge to The Orchard and implement a new home building strategy.

14

It will be our intention to construct new homes for anyone intending to rebuild. We will do this at very near cost without the intention for profit.

For those wishing to rebuild, there will be a rent abatement program to help relieve the economic burden of rebuilding. For those who may not wish to rebuild, we will work with you and your insurance companies to clean up and repair your home site.

63.     Shortly thereafter though, the Hometown America Defendants demanded that all homeowners who wished to move back into their homes agree to pay Hometown America for the costs associated with the inspection of the fire damage, debris removal, and cleanup of the Park, their home site, and home from their own insurance policies.[3]

64.     For example, on December 14, 2017, Stephen H. Braun, the Co-President and Chief Operating Officer of Hometown America sent a form letter to all of the residents of The Orchard Park which advised them that the clean-up and reconstruction of The Orchard Park and their homes was going to take several months and would be more expensive because their homes were manufactured and sold with linoleum floors that had asbestos (even though that was never previously disclosed). The letter also stated: "Per your lease, charges for the clean-up of your home site are your responsibility." Residents were also told that the clean-up would cost each of them $35,000.

65.     Hometown America's assertion that the clean-up costs are the homeowners' responsibility "per [the] lease" is unsupported by the actual language in the Hometown America Agreement and equally unsupported by the provisions of the MRL. In fact, both the Hometown America Agreement and MRL make clear that such costs were Hometown America's responsibility. And, its subsequent conduct, as alleged herein, is wrongful and violates California law.

66.     Hometown America's conduct is unfair, unlawful, fraudulent, deceptive, and constitutes a breach of the Hometown America contract which has caused and is continuing to cause Plaintiffs Cam Folks, Eleanor Miller and the members of the Class significant harm for which they are entitled to actual damages, statutory damages in the amount $2,000 for each willful violation of the MRL by Defendants pursuant to Civ. Code Section 798.86(a), punitive damages pursuant to Civil Code Sections 3294 and

---

[3] At a cost of $35,000, this would leave many residents without sufficient insurance funds to: (a) actually rebuild and replace their home; or (b) reimbursement or replacement of their belongings.

1   798.86(b), and their attorneys' fees and costs pursuant to Civil Code Section 798.85 and paragraph 26 to

2   the Hometown America Contract, as well as injunctive relief.

3   <center>**VI.    CLASS ALLEGATIONS**</center>

4       67.    Plaintiffs bring this class action individually and on behalf of all others similarly situated

5   pursuant to California Code of Civil Procedure § 382. This action may be brought and should be properly

6   maintained as a class action because Plaintiffs satisfy the numerosity, adequacy, typicality, and

7   commonality prerequisites for suing as representative parties pursuant to California Code of Civil

8   Procedure § 382.

9       68.    Plaintiffs seek certification of the following Class (the "Class"): "All persons residing in

10  The Orchard Park community in Santa Rosa, California, who, as of October 8, 2017, owned or leased

11  property that was destroyed or damaged in the fire."

12      69.    Plaintiffs seek certification of the following Sub-Class  (the "Sub-Class"): "All persons

13  age 65 or older residing in The Orchard Park community in Santa Rosa, California, who, as of October

14  8, 2017, owned or leased property that was destroyed or damaged in the fire."

15      70.    Notwithstanding the above, the following individuals and entities are excluded from the

16  Class: (a) Any Class Member who or which timely elects to be excluded from the Class under the

17  deadlines and procedures to be set forth by the Court; (b) Defendants, and individuals who are current

18  employees of Defendants; (c) The Court, including any sitting judges on the Superior Court of the State

19  of California, their law clerks serving during the pendency of this action, and members of any such

20  judge's or current law clerk's immediate family; and (d) Any companies that insure any parties or Class

21  members against the losses alleged in this complaint.

22      71.    This action is brought and may properly be maintained as a class action on behalf of the

23  proposed Class defined above, pursuant to the applicable and appropriate provisions of California Code

24  of Civil Procedure § 382, and should proceed as a class action for several reasons.

25      72.    The members of the Class and Sub-Class are so numerous that a joinder of all members

26  would be impracticable. Based on public information on the numbers of acres and structures damaged or

27  destroyed, businesses interrupted, and persons displaced or otherwise affected, the Class of those with

28

<center>16</center>
<center>CLASS ACTION COMPLAINT</center>

1   Fires-related damages includes tens of thousands of potential claimants, and the and Sub-Class includes

2   at least 80 different claimants.

3       73.    The Class and Sub-Class is ascertainable. The Class and Sub-Class definition identifies

4   groups of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member

5   of that group to self-identify as having a right to recover based on the description. Other than by direct

6   notice, alternatively proper and sufficient notice of this action may be provided to the Class and Sub-

7   Class members through notice disseminated by electronic means, through broadcast media, and published

8   in newspapers or other publications.

9       74.    A well-defined community of interest in questions of law or fact involving and affecting

10  all members of the Class and Sub-Class exists, and common questions of law or fact are substantially

11  similar and predominate over questions that may affect only individual Class and Sub-Class members.

12  This action is amenable to a class-wide calculation of damages, or the establishment of fair and equitable

13  formulae for determining and allocating damages, through expert testimony applicable to anyone in the

14  Class and Sub-Class.

15      75.    The most significant questions of law and fact that will decide are questions common to

16  the Class and Sub-Class, or to definable categories or subclasses thereof, and can be answered by the trier

17  of fact in a consistent manner such that all those similarly situated are similarly treated in the litigation.

18      76.    Plaintiffs' claims are typical of the members of the Class and Sub-Class. The evidence

19  and the legal theories regarding Defendants' alleged wrongful conduct are substantially the same for

20  Plaintiffs and all of the Class members and Sub-Class members.

21      77.    Plaintiffs will fairly and adequately protect the interests of the Class and Sub-Class

22  members. Plaintiffs have retained competent counsel experienced in class action litigation to ensure such

23  protection. Plaintiffs and their counsel intend to prosecute this action vigorously.

24      78.    The class action is superior to all other available methods for the fair and efficient

25  adjudication of this case or controversy. Even if any individual persons or group(s) of Class members

26  and Sub-Class members can afford individual litigation, individual litigation of all claims would be

27  unduly burdensome to the courts in which the individual litigation(s) would proceed. The class action

28

---

17

1 | device is preferable to individual litigation(s) because it provides the benefits of unitary and inclusive
2 | adjudication, economies of scale, and comprehensive adjudication by a single court.

3 |     79.    Prosecution of separate actions by individual Class members would create a risk of
4 | inconsistent or varying adjudications with respect to individual Class members that would establish
5 | incompatible standards of conduct for the party (or parties) opposing the Class lead to the underinclusive,
6 | inconsistent or otherwise inequitable allocation of Defendants' available assets and insurance among
7 | similarly situated claimants and would lead to repetitious trials of numerous common questions of fact
8 | and law. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that
9 | would preclude its maintenance as a class action. As a result, a class action is superior to other available
10 | methods for the fair and efficient adjudication of this controversy.

11 | ## VIII.  CAUSES OF ACTION

12 | ### FIRST CAUSE OF ACTION

13 | **(Violation of California Civil Code 798 et seq.)**

14 | **(Plaintiffs and the Class Against All Defendants)**

15 |     80.    Plaintiffs incorporate and reallege each of the paragraphs set forth above as though fully
16 | set forth herein.

17 |     81.    Plaintiffs and the Class allege that Hometown America has violated the Mobilehome
18 | Residency Law, California Civil Code § 798 et seq. (the "MRL").

19 |     82.    Plaintiffs and the Class have been harmed as a result of Hometown America's violations
20 | of the MRL.

21 |     83.    Plaintiffs and the Class are entitled to actual damages, statutory damages, punitive
22 | damages, injunctive relief, and attorneys' fees and costs.

23 | ### SECOND CAUSE OF ACTION

24 | **(Elder Abuse)**

25 | **(Plaintiff Eleanor Miller and the Sub-Class Against All Defendants)**

26 |     84.    Plaintiffs incorporate and reallege each of the paragraphs set forth above as though fully
27 | set forth herein.

28 |

1       85.    Plaintiff Eleanor Miller and the Sub-Class claim that the Hometown America

2   Defendants violated the Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst.

3   Code § 15610, by taking financial advantage by taking financial advantage of them.

4       86.    Hometown America has taken, appropriated, obtained and/or retained the property of

5   Ms. Miller and the Sub-Class or assisted in doing so.

6       87.    Ms. Miller and the members of the Sub-Class were 65 years of age or older at the time

7   of the conduct by Hometown America. Steven Braun, Dani Crawford, and other employees, agents

8   and/or representatives of Hometown America have taken, appropriated, obtained and/or retained the

9   property of Ms. Miller and the Sub-Class or assisted in doing so for a wrongful purpose, with the intent

10   to defraud or by undue influence.

11       88.    Plaintiff Miller and the Sub-Class have been harmed.

12       89.    The Hometown America Defendants' conduct was a substantial factor in causing harm

13   to Ms. Miller and the members of the Sub-Class.

14   **THIRD CAUSE OF ACTION**

15   **(Violation of California Business & Professions Code § 17200 et seq.)**

16   **(Plaintiffs and the Class Against All Defendants)**

17       90.    Plaintiffs incorporate and reallege each of the paragraphs set forth above as though fully

18   set forth herein.

19       91.    Plaintiffs and the Class allege that the Hometown America Defendants have violated the

20   UCL, Cal. Bus. & Prof. Code § 17200 et seq., by engaging in unfair, unlawful, fraudulent, and deceptive

21   business practices.

22       92.    Hometown America engaged in business practices that were unlawful, unfair, fraudulent,

23   and deceptive.

24       93.    Plaintiffs and the Class have been harmed.

25       94.    Defendant Hometown America, Inc.'s unlawful, unfair, fraudulent, and deceptive

26   business practices were a substantial factor in causing the harm to Plaintiffs and the Sub-Class.

27       95.    Plaintiffs seek restitution and injunctive relief as a result of Defendants' unfair, unlawful,

28   fraudulent and deceptive business practices in violation of the UCL.

1

**FOURTH CAUSE OF ACTION**

2

**(Breach of Written Contract)**

3

**(Plaintiffs and the Class Against All Defendants)**

4        96.    Plaintiffs incorporate and reallege each of the paragraphs set forth above as though fully

5    set forth herein.

6        97.    Plaintiffs and the Class claim that they and Hometown America entered into a contract

7    pursuant to which Hometown America which Hometown America has breached.

8        98.    Plaintiffs and the Class have been harmed and Hometown America's breach of contract

9    was a substantial factor in causing such harm for which Plaintiffs are entitled to damages, as well as

10    attorneys' fees and costs.

11

**FIFTH CAUSE OF ACTION**

12

**(Declaratory Relief)**

13

**(Plaintiffs and the Class Against All Defendants)**

14        99.    Plaintiffs incorporate and reallege each of the paragraphs set forth above as though fully

15    set forth herein.

16        100.    Declaratory relief is necessary and appropriate to resolve an actual controversy that exists

17    between Plaintiffs and the Hometown America Defendants so that they can conform their conduct to the

18    law and prevent future litigation and ongoing and future harm.

19        101.    The matters alleged herein and the actual controversy that exists between Plaintiffs and

20    the Hometown America Defendants is a proper subject of declaratory relief pursuant to California Code

21    of Civil Procedure § 1060.

22        102.    A real and actual controversy exists involving justiciable questions relating to the rights

23    and obligations of Plaintiffs and the Hometown America Defendants. A judicial declaration by this Court

24    is necessary to declare that, e.g.:

25        •    Hometown America's adoption and implementation of rules and regulations
            without the consent of the homeowners is void and unenforceable under California
26            Civil Code 798.25.5.

27
        •    Hometown America cannot change the terms of the agreement or Park's rules or
28            regulations that increase rates or create new fees payable by the homeowners

20

which has not been expressly agreed upon by the homeowners and that Hometown
America's efforts to do so are void and unenforceable pursuant to California Civil
Code 798.25(e).

- Hometown America cannot charge the homeowners for the clean-up of their home
site unless the damage to the home or home site was the fault of the homeowner
(which it was not).

- Hometown America cannot charge the homeowners for maintenance or other
services that are not specifically authorized in the lease or rental agreement.

103.    Declaratory relief and a judicial declaration of the legal rights and obligations of Plaintiffs
and the Hometown America Defendants is necessary to prevent ongoing harm to Plaintiffs.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.    Damages, including damages for the loss of use of their property, damages relating to the
expenses they have incurred while being unable to live in their homes, and other damages associated with
alternative living expenses and any displacement expenses;

B.    Statutory damages under the MRL against Hometown America;

C.    Restitution as against Hometown America based on its violation of the UCL;

D.    Injunctive relief, including an injunction against Hometown America enjoining them from
unfairly, unlawfully, or fraudulently increasing rates in violation of the MRL or UCL and otherwise
trying to prevent Plaintiffs and the Class from being able to move back into their homes;

E.    Attorney's fees, expert fees, consultant fees, and litigation costs and expense, as allowed
under California law (and under the MRL and paragraph 26 of the Hometown America Contract)

F.    Punitive/exemplary damages;

G.    All costs of suit;

H.    Prejudgment interest, according to proof; and

I.    For such other and further relief as the Court shall deem proper, all according to proof.


Respectfully submitted,

21

1    Dated: May 15, 2018                        By: _____

2                                                    Mark P. Robinson, Jr.
                                                 ROBINSON CALCAGNIE, INC.
3                                                Attorneys for Plaintiffs Cam Folks, Eleanor Miller
                                                 and the Proposed Class

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## X.    DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

Dated:  May 15, 2018

By: _Mark P. Robinson, Jr._
      Mark P. Robinson, Jr.
ROBINSON CALCAGNIE, INC.
Attorneys for Plaintiffs Cam Folks, Eleanor Miller
and the Proposed Class

23

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>ENDORSED<br>FILED<br><br>MAY 15 2018<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| Folks vs Hometown America Management Corporation, a Delaware corporation | |

| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br><br>SCV-262471 |
|---|---|

### A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. ARTHUR A WICK FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

A Case Management Conference has been set at the time and place indicated below:

| Date: Thursday, 09/13/2018 | Time: 3:00 PM | Courtroom 17 |
|---|---|---|
| Location: 3035 Cleveland Avenue, Santa Rosa. CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

1  Mark P. Robinson, Jr. (SBN 054426)
   ROBINSON CALCAGNIE, INC.
2  19 Corporate Plaza Drive
   Newport Beach, California 92660
3  Telephone: (949) 720-1288
   Fax:  (949) 720-1292
4  mrobinson@robinsonfirm.com

5  Mary Alexander (SBN: 104173)
   MARY ALEXANDER & ASSOCIATES, P.C.
6  44 Montgomery Street, Suite 1303
7  San Francisco, CA  94104
   Telephone: (415) 433-4440
8  Fax: (415) 433-5440
   malexander@maryalexanderlaw.com
9
   Attorneys for Plaintiffs
10 and the Proposed Class

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                         COUNTY OF SONOMA

13 CAM FOLKS and ELEANOR MILLER, on      Case No. SCV-262471
14 behalf of themselves and all others similarly
   situated, an individual,
15                                        NOTICE OF ERRATA RE
                                          CLASS ACTION COMPLAINT
16              Plaintiffs,
17        vs.                             [Assigned for All Purposes to:
18 HOMETOWN AMERICA MANAGEMENT            Hon. Arthur A. Wick
   CORPORATION, a Delaware corporation;   Courtroom 17]
19 HOMETOWN AMERICA MANAGEMENT
   L.P., a Delaware partnership;          Complaint Filed:  May 15, 2018
20 HOMETOWN AMERICA MANAGEMENT,
   LLC, a Delaware limited liability company; dba
21 THE ORCHARD MOBILEHOME
   COMMUNITY;
22 DANI CRAWFORD; and
   DOES 1 through 20, inclusive,
23
                Defendants.
24

25 TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26        PLEASE TAKE NOTICE that Plaintiffs Cam Folks and Eleanor Miller (collectively,

27 "Plaintiffs") respectfully submit this Notice of Errata re Class Action Complaint filed in the above-

28 captioned matter on May 15, 2018.

                                          1
             NOTICE OF ERRATA RE CLASS ACTION COMPLAINT

1         In the filing of the Complaint, Exhibit 1, a seven (7) page pamphlet for fire victims to pick up at

2    the Hometown America office located within The Orchard community, was inadvertently omitted from

3    the filing.  Plaintiffs are attaching hereto a true and correct copy of Exhibit 1.

4                                          Respectfully submitted,

5

6    Dated: May 15, 2018                    By: _Mark P. Robinson, Jr._____

7                                    Mark P. Robinson, Jr.
                                ROBINSON CALCAGNIE, INC.

8                                    Attorneys for Plaintiffs Cam Folks, Eleanor
Miller and the Proposed Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ERRATA RE CLASS ACTION COMPLAINT

# EXHIBIT 1

# Hometown America Standard Features – The Orchard



## THE ORCHARD

### Construction:
2 x 6 Exterior Walls
2 x 6 Floor Joists 16" OC
Insulation: R-30 Ceiling, R-19 Sidewalls, R-11 Floors
9' Flat Ceilings Throughout
5/8" Tongue and Groove Floor Decking

### Exterior:
36" Inswing Steel Front Door
Standard Front and Rear Porch Lights
Architectural Shingles
Cemplank Horizontal Lap Siding, Fascia and Soffits
80" Low E Dual Glazed Vinyl Insulated Windows
Exterior Hose Bib
Solar Tubes (3)

### Interior:
Tape and Texture Throughout with Rounded Corners
6 Panel Interior Doors with Lever Style Handles
White 2 ¼" Door Case Molding
3" Baseboard Molding Throughout
Brushed Nickel Lighting and Hardware Throughout
25 Ounce Carpet with FHA #6 Rebond Carpet Pad
2" Fauxwood Blinds Throughout
Cornice Boxes – Living Room / Dining Room / Kitchen
Paddle Fans – Living Room and Master Bedroom
Entry Linoleum
Wood Closet Shelving and Rods

### Kitchen:
Granite Countertops with single eased edge
4" Granite Backsplash
22 Cu. Ft Side by Side Refrigerator w/ Ice Maker - White
Deluxe Gas Range - White
Dishwasher - White
Spacesaver Microwave Hood - White
Undermount Stainless Steel Sink
Kitchen Faucet with Pullout Sprayer
Beech Alder Hardwood Cabinets with Deluxe Molding
Drawers over Doors
Brushed Nickel Cabinet Pulls
Lined Cabinets with Adjustable Overhead Shelves
Toe Kick Registers
5 Shade Chandelier
USB Port Receptacle

### Baths:
Granite Counters with Single Eased Edge
Undermount China Sinks
Brushed Nickel Single Lever Faucets and Hardware
60" Fiberglass Shower – Master Bath
Dual Lavy Vanity – Master Bath (where applicable)
Vanity Lights over Mirrors
60 One Piece Fiberglass Tub / Shower – Guest Bath
Elongated Toilets
Towel Bars and Tissue Holders

### Plumbing / Heating / Electrical / Utility:
Gas Forced Air Furnace
40 Gallon Gas Water Heater
100 AMP Electrical Service and Meter Base
Cable TV Prep (2)
Water Shut-off Valves Throughout
Plumb and Wire for Washer & Dryer
Utility Overhead Cabinet
Carbon Monoxide & Smoke Detectors
6" LED Can Lights Throughout
Prep & Wire for Air Conditioning
7 Year Warranty

### Popular Option Packages:
All Black Appliances
Stainless Steel Appliance Package
Hardwood Cabinets –
  White or Grey Glazed Shaker Style
  New Lance or Columbian Walnut Raised Panel
Coffered Ceilings –
  Small Coffered with 4 LED Can Lights
  Medium Coffered with 4 LED Can Lights
  Large Coffered with 4 LED Can Lights
  (Ceiling Crown Installed Inside Coffered Area)
Residential Ceiling Crown Molding
Electric Fireplace with Hearth and Blower
Gas Fireplace



The Orchard -1945 Piner Road, Santa Rosa, CA 95403 - Sales Office: (707) 383-4652



## Eastridge

28 x 40/56
1284 +/- Sq.Ft.

### Includes
- Setup
- Awning
- Walkways
- Landscaping
- 2 Car Garage
- Option Package

Retail Price $271,891.00 *

Hometown America Price $181,261.00 **

All dimensions are approximate, and are subject to change.
Prices subject to change without notice. Transfer fees and escrow fees are not included.
* The retail price is our estimated market value using a third party licensed mobile home dealer.
** The discounted Hometown America price requires a commitment to leave the home in the community and that it will remain your primary residence for 5 years.
The price is only available to current residents who are replacing their homes. Please contact the sales office for further information.



The Orchard -1945 Piner Road, Santa Rosa, CA 95403 - Sales Office: (707) 383-4652



# THE ORCHARD

### Ridgway

24 x 56
1306 +/- Sq.Ft.

### Includes
Setup
Awning
Walkways
Landscaping
2 Car Garage
Option Package

Retail Price $279,312.00 *

Hometown America Price $186,208.00 **

All dimensions are approximate, and are subject to change.
* Prices subject to change without notice. Transfer fees and escrow fees are not included.
* The retail price is our estimated market/value using a third party licensed mobile home dealer.
** The discounted Hometown America price requires a commitment to leave the home in the community and that it will remain your primary residence for 5 years.
The price is only available to current residents who are replacing their homes. Please contact the sales office for further information.



The Orchard -1945 Piner Road, Santa Rosa, CA 95403 - Sales Office : (707) 383-4652





## THE ORCHARD

### Belmont

24 x 60
1353 +/- Sq.Ft.

Includes
Setup
Awning
Walkways
Landscaping
2 Car Garage
Option Package

Retail Price $286,646.00 *
Hometown America Price $191,097.00 **

All dimensions are approximate, and are subject to change.
Prices subject to change without notice. Transfer fees and escrow fees are not included.
* The retail price is our estimated market value using a third party licensed mobile home dealer.
** The discounted Hometown America price requires a commitment to leave the home in the community and that it will remain your primary residence for 5 years.
The price is only available to current residents who are replacing their homes. Please contact the sales office for further information.

The Orchard -1945 Piner Road, Santa Rosa, CA 95403 - Sales Office: (707) 383-4652



## Westmont

24 x 62
1445 +/- Sq.Ft.

### Includes
Setup
Awning
Walkways
Landscaping
2 Car Garage
Option Package

Retail Price $292,257.00 *

Hometown America Price $194,838.00 **

All dimensions are approximate, and are subject to change.

Prices subject to change without notice. Transfer fees and escrow fees are not included.

* The retail price is our estimated market value using a third party licensed mobile home dealer.

** The discounted Hometown America price requires a commitment to leave the home in the community and that it will remain your primary residence for 5 years.
The price is only available to current residents who are replacing their homes. Please contact the sales office for further information.



The Orchard -1945 Piner Road, Santa Rosa, CA 95403 - Sales Office: (707) 383-4652





# THE ORCHARD

## Claremont

24 x 42/32/52
1680 +/- Sq.Ft.

### Includes
Setup
Awning
Walkways
Landscaping
2 Car Garage
Option Package

Retail Price $310,691.00 *

Hometown America Price $207,127.00 **

All dimensions are approximate, and are subject to change.

Prices subject to change without notice. Transfer fees and escrow fees are not included.

* The retail price is our estimated market value using a third party licensed mobile home dealer.

** The discounted Hometown America price requires a commitment to leave the home in the community and that it will remain your primary residence for 5 years.
The price is only available to current residents who are replacing their homes. Please contact the sales office for further information.



The Orchard -1945 Piner Road, Santa Rosa, CA 95403 - Sales Office: (707) 383-4652



# Hometown America – The Orchard

## Option Packages:

**Hardwood Cabinets**

| | 24' Wide | 28' Wide | Triple Wide |
|---|---|---|---|
| White or Grey Glazed Shaker Style Cabinets | $579 | $699 | $999 |
| New Lance or Columbian Walnut Raised Panel Cabinets | $859 | $1,129 | $1,859 |

**Appliances:**

| | | | |
|---|---|---|---|
| All Black Appliances | | $299 | |
| Stainless Steel Appliance Package | | $2,459 | |

**Coffered Ceilings:**

| | | | |
|---|---|---|---|
| Small Coffered Ceiling with 4 Can Lights and Dimmer | | $867 | |
| Medium Coffered Ceiling with 4 Can Lights and Dimmer | | $1,107 | |
| Large Coffered Ceiling with 4 Can Lights and Dimmer | | $1,337 | |
| (Ceiling Crown Included Inside Coffered Ceiling) | | | |
| Residential Ceiling Crown Molding | | $4 per lineal foot | |

**Fireplaces:**

| | | | |
|---|---|---|---|
| Gas Fireplace | | $2,699 | |
| Electric Fireplace with Hearth and Blower | | $1,659 | |
| Triple Wide Rear Porch | | $5,460 | |



The Orchard -1945 Piner Road, Santa Rosa, CA 95403 - Sales Office: (707) 383-4652

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **ADR INFORMATION SHEET**<br>**[Sonoma County Superior Court Rules, Rule 16]** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

☐ Mediation                         ☐ Early Neutral Evaluation

☐ Non-binding Private Arbitration      ☐ Binding Private Arbitration

☐ Voluntary Settlement Conference     ☐ Summary Jury Trial

☐ Other _____ ☐ Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____       _____
                                                 Signature of Party

Date: _____       _____
                                                 Signature of Party

Date: _____       _____
                                       Signature of Attorney for Party
                                    ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

**PROOF OF SERVICE**

STATE OF CALIFORNIA                )
COUNTY OF SAN FRANCISCO            )

     I am employed in the County of San Francisco, State of California.  I am over the age of 21 and not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, CA 94111.  On the date indicated below, I served the foregoing document described as:

**DECLARATION OF LINDA B. OLIVER IN SUPPORT OF NOTICE TO REMOVAL**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Mark P. Robinson, Jr.
ROBINSON CALCAGNIE, INC.
19 Corporate Plaza Drive
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292
Email: mrobinson@robinson firm.com

Mary Alexander
MARY ALEXANDER & ASSOCIATES, P.C.
44 Montgomery Street, Suite 1303
San Francisco, CA 94104
Telephone: (415) 433-4440
Facsimile: (415) 433-5440
Email: malexander@maryalexanderlaw.com

Attorneys for Plaintiffs and the Proposed Class

[X]    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 21, 2018 in San Francisco, California.

_____
Rachel Ouk