W. SCOTT SIMPSON (*Pro Hac Vice* forthcoming)
JONATHAN E. BELING (*Pro Hac Vice* forthcoming)
SIMPSON, MCMAHAN GLICK & BURFORD, PLLC
2700 Highway 280, Suite 203W
Birmingham, Alabama 24112
Telephone: (205) 876-1600
Email: wsimpson@smgblawyers.com
jbeling@smgblawyers.com

LEE E. BAINS, JR. (*Pro Hac Vice* forthcoming)
THOMAS W. THAGARD (*Pro Hac Vice* forthcoming)
JAMES C. LESTER (*Pro Hac Vice* forthcoming)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Email: lbains@maynardcooper.com
tthagard@maynardcooper.com
jlester@maynardcooper.com

LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 646-4700

Attorneys for Defendants HOMETOWN AMERICA MANAGEMENT
CORP., HOMETOWN AMERICA MANAGEMENT L.P.,
HOMETOWN AMERICA MANAGEMENT LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAM FOLKS and ELEANOR MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOMETOWN AMERICA MANAGEMENT CORPORATION, a Delaware corporation; HOMETOWN AMERICA MANAGEMENT L.P., a Delaware partnership; HOMETOWN AMERICA MANAGEMENT LLC, a Delaware limited liability company; dba THE ORCHARD MOBILEHOME COMMUNITY; DANI CRAWFORD; and DOES 1 through 20,<br><br>Defendants. | CASE NO. 3:18-cv-03702-MEJ<br><br>**ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC** |

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

Defendant Hometown America Management, LLC ("Hometown LLC") submits the following answer and affirmative defenses to the Class Action Complaint ("Complaint") filed by Plaintiffs Cam Folks ("Folks") and Eleanor Miller ("Miller") (collectively, "Plaintiffs") as follows:

## I.     INTRODUCTION

1.      Hometown LLC admits that in wildfires occurred in Sonoma County in October 2017, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining specific allegations of Paragraph 1.

2.      Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 2. The remaining allegations in Paragraph 2 express Plaintiffs' characterization of this action and are not allegations of fact; thus, thus no response is required. To the extent that the remaining allegations can be construed to constitute allegations of fact to which a response is required, the remaining allegations of Paragraph 2 are denied.

3.      Hometown LLC admits that the October 2017 wildfires damaged or destroyed homes in The Orchard manufactured housing community. Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3.

4.      Hometown LLC denies the allegations of Paragraph 4 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

5.      Hometown LLC denies the allegations of Paragraph 5 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

## II.     FACTUAL BACKGROUND

6.      Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, including whether the photograph inserted in Paragraph 6 of the Complaint is one of the homes destroyed by the October 2017 wildfires.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

7.      Hometown LLC admits that the October 2017 wildfires damaged or destroyed homes in The Orchard manufactured housing community. Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7.

8.      Hometown LLC admits the allegations in the first sentence of Paragraph 8. The remaining allegation in Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 8 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

9.      Hometown LLC admits that Hometown America Management L.P. ("Hometown LP") manages The Orchard manufactured home community. Hometown LLC denies that Dani Crawford is employed by Hometown LLC. Upon information and belief, Hometown LLC admits that Dani Crawford is employed by Hometown LP. Hometown LLC denies the remaining allegations of Paragraph 9.

10.     Hometown LLC denies the allegations in the first sentence of Paragraph 10 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 10 to the extent they pertain to any other party in this action, and on that basis denies the allegations. Hometown LLC admits that its offices and the offices of Hometown LP and Hometown America Management Corporation ("Hometown Corporation") are within the building depicted in the photograph in Paragraph 10.

11.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

14.     Hometown LLC denies the allegations of Paragraph 14 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

15.     Hometown LLC denies the allegations of Paragraph 15 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

16.     Hometown LLC denies the allegations of Paragraph 16 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

17.     Hometown LLC denies the allegations of Paragraph 17 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

18.     Hometown LLC denies the allegations of Paragraph 18 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

19.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19.

20.     Hometown LLC denies the allegations of Paragraph 20 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

21.     Hometown LLC denies the allegations of Paragraph 21 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

22.     Hometown LLC denies the allegations of Paragraph 22 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

23.     Hometown LLC denies the allegations of Paragraph 23 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

24.     Hometown LLC denies the allegations of Paragraph 24 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

25.     Hometown LLC denies the allegations of Paragraph 25 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 as they pertain to any other party in this action, and on that basis denies the allegations.

26.     Hometown LLC denies the allegations of Paragraph 26 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 as they pertain to any other party in this action, and on that basis denies the allegations.

27.     Hometown LLC denies the allegations of Paragraph 27 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

the allegations in Paragraph 27 as they pertain to any other party in this action, and on that basis denies the allegations.

28.    Hometown LLC denies the allegations of Paragraph 28 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 as they pertain to any other party in this action, and on that basis denies the allegations.

29.    Hometown LLC denies the allegations of Paragraph 29 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 as they pertain to any other party in this action, and on that basis denies the allegations.

30.    Hometown LLC denies the allegations of Paragraph 30 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 as they pertain to any other party in this action, and on that basis denies the allegations.

31.    Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.    Hometown LLC denies the allegations of Paragraph 32 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

33.    Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and states that the email correspondence speaks for itself.

34.    Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 34. Hometown LLC denies the remaining allegations of Paragraph 34 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 34 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

### III.     JURISDICTION AND VENUE

35.     The first three sentences of Paragraph 35 express Plaintiffs' characterization of this action and are not allegations of fact; thus, thus no response is required. To the extent that the allegations can be construed to constitute allegations of fact to which a response is required, the allegations of the first three sentences of Paragraph 35 are denied.  Hometown LLC denies the remaining allegations of Paragraph 35 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 35 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

36.     Hometown LLC admits The Orchard manufactured home community is located in Santa Rosa, California. Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 36. The remaining allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC denies the remaining factual allegations of Paragraph 36 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations of Paragraph 36 to the extent they pertain to any other party in this action. Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

### IV.     THE PARTIES

37.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39.     Hometown LLC admits the second and third sentences of Paragraph 39. Hometown LLC denies that Dani Crawford is an employee of Hometown LLC and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Dani Crawford's residence. Hometown LLC denies that "Hometown America Corporation" is a defendant in

this action, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the state of incorporation for any entity known as Hometown America Corporation and the location of its principal place of business. Hometown LLC denies the remaining allegations of Paragraph 39.

40.     Hometown LLC denies the allegations of Paragraph 40 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

41.     The allegations of Paragraph 41 are not allegations of fact directed at Hometown LLC and, thus, no response is required. To the extent a response is required, Hometown LLC denies the allegations of Paragraph 41.

42.     Hometown LLC denies the allegations of Paragraph 42.

43.     The allegations of Paragraph 43 are not allegations of fact directed at Hometown LLC and, thus, no response is required. To the extent a response is required, Hometown LLC denies the allegations of Paragraph 43.

44.     Hometown LLC denies the allegations of Paragraph 44 as they pertain to Hometown LLC.

45.     Hometown LLC denies the allegations of Paragraph 45.

## V.     ADDITIONAL FACTUAL ALLEGATIONS

46.     Hometown LLC admits that The Orchard is a manufactured home community in Santa Rosa, California. The remaining allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 46 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

47.     Hometown LLC denies the allegations of Paragraph 47 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

the allegations in Paragraph 47 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

48.     Hometown LLC admits the October 2017 wildfires damaged or destroyed homes located at The Orchard. Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48.

49.     Hometown LLC denies that it is the owner of The Orchard. The remaining allegations in Paragraph 49 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC denies the remaining factual allegations of Paragraph 49 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 49 to the extent they pertain to any other party in this action. Further, Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

50.     The allegations in Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 50 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

51.     The allegations in Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 51 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

52.     The allegations in Paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 52 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

53.     The allegations in Paragraph 53 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 53 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

54.     The allegations in Paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 54 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

55.     Hometown LLC denies the allegations of Paragraph 55 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

56.     The allegations in Paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 56 and Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

57.     Hometown LLC denies the allegations in the second sentence of Paragraph 57. The remaining allegations in Paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC denies the remaining factual allegations of Paragraph 57 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 57 to the extent they pertain to any other party in this action. Further, Hometown LLC denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

58.     Hometown LLC denies the allegations in the first and third sentences of Paragraph 58 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of Paragraph 58 to the extent they pertain to any other party in this action, and on that basis denies the allegations. To the extent that the second sentence of Paragraph 58 alleges that Hometown LLC is guilty of capitalizing on a tragedy or has betrayed the trust of anyone, Hometown LLC denies the allegations.

59.     Hometown LLC denies the allegations of Paragraph 59 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

60.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and states that the Rental Agreement at issue speaks for itself.

61.     Hometown LLC denies the allegations of Paragraph 61 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

62.     Hometown LLC denies the allegations of Paragraph 62 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 to the extent they pertain to any other party in this action, and on that basis denies the allegations. Hometown LLC states that the email, partially quoted in Paragraph 62, speaks for itself.

63.     Hometown LLC denies the allegations of Paragraph 63 as they pertain to Hometown LLC, and Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 to the extent they pertain to any other party in this action, and on that basis denies the allegations.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

64.     Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64. Hometown LLC states that the letter, partially quoted in Paragraph 64, speaks for itself.

65.     Hometown LLC denies making any assertion regarding the clean-up costs as alleged in Paragraph 65. The remaining allegations in Paragraph 65 contain legal conclusions to which no response is required. To the extent a response is required, Hometown LLC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65.

66.     Hometown LLC denies the allegations of Paragraph 66.

## VI.     CLASS ALLEGATIONS

67.     The first sentence of Paragraph 67 is not an allegation of fact, but the Plaintiffs' characterization of this action, and no response is required. Hometown LLC denies the remaining allegations of Paragraph 67.

68.     Hometown LLC denies that the putative class described in Paragraph 68 is appropriate for class certification.

69.     Hometown LLC denies that the putative sub-class described in Paragraph 69 is appropriate for class certification.

70.     The allegations of Paragraph 70 are not allegations of fact directed at Hometown LLC and, thus, no response is required.

71.     Hometown LLC denies the allegations of Paragraph 71.

72.     Hometown LLC denies the allegations of Paragraph 72.

73.     The allegations of Paragraph 73 are not allegations of fact directed at Hometown LLC and, thus, no response is required.

74.     Hometown LLC denies the allegations of Paragraph 74.

75.     Hometown LLC denies the allegations of Paragraph 75.

76.     Hometown LLC denies the allegations of Paragraph 76.

77.     Hometown LLC denies the allegations of Paragraph 77.

78.     Hometown LLC denies the allegations of Paragraph 78.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

79.   Hometown LLC denies the allegations of Paragraph 79.

### VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Violation of California Civil Code 798 et seq)

### (Plaintiffs and the Class Against All Defendants)

80.   Answering Paragraph 80, Hometown LLC avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

81.   Hometown LLC denies the allegations of Paragraph 81.

82.   Hometown LLC denies the allegations of Paragraph 82.

83.   Hometown LLC denies the allegations of Paragraph 83.

### SECOND CAUSE OF ACTION

### (Elder Abuse)

### (Plaintiffs and the Sub-Class Against All Defendants)

84.   Answering Paragraph 84, Hometown LLC avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

85.   Hometown LLC denies the allegations of Paragraph 85.

86.   Hometown LLC denies the allegations of Paragraph 86.

87.   Hometown LLC denies the allegations of Paragraph 87.

88.   Hometown LLC denies the allegations of Paragraph 88.

89.   Hometown LLC denies the allegations of Paragraph 89.

### THIRD CAUSE OF ACTION

### (Violation of California Business & Professional Code § 17200 et seq.)

### (Plaintiffs and the Class Against All Defendants)

90.   Answering Paragraph 90, Hometown LLC avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

91.   Hometown LLC denies the allegations of Paragraph 91.

92.   Hometown LLC denies the allegations of Paragraph 92.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

93.    Hometown LLC denies the allegations of Paragraph 93.

94.    Hometown LLC denies the allegations of Paragraph 94.

95.    Hometown LLC denies the allegations of Paragraph 95.

**FOURTH CAUSE OF ACTION**

**(Breach of Written Contract)**

**(Plaintiffs and the Class Against All Defendants)**

96.    Answering Paragraph 96, Hometown LLC avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

97.    Hometown LLC denies the allegations of Paragraph 97.

98.    Hometown LLC denies the allegations of Paragraph 98.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief)**

**(Plaintiffs and the Class Against All Defendants)**

99.    Answering Paragraph 99, Hometown LLC avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

100.    Hometown LLC denies the allegations of Paragraph 100.

101.    Hometown LLC denies the allegations of Paragraph 101.

102.    Hometown LLC denies the allegations of Paragraph 102.

103.    Hometown LLC denies the allegations of Paragraph 103.

**IV.    PRAYER FOR RELIEF**

Answering the Plaintiffs' Prayer for Relief, Hometown LLC denies the allegations, denies that its Plaintiffs are due any of the relief requested, and demands strict proof thereof.

**<u>DEFENSES</u>**

Without assuming any burden of proof where it otherwise lies with Plaintiffs or putative class members, Hometown LLC asserts the following defenses to Plaintiffs' Class Action Complaint:

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

1

### FIRST DEFENSE

2

Hometown LLC generally denies each and every allegation set forth in Plaintiffs' Class Action

3

Complaint except those specifically admitted herein.

4

### SECOND DEFENSE

5

The Class Action Complaint fails to state a claim upon which relief may be granted.

6

### THIRD DEFENSE

7

Pursuant to the provisions of the California Code of Civil Procedure, § 431.20(d), Hometown

8

LLC generally denies all the allegations of Plaintiffs' Class Action Complaint except those specifically

9

admitted herein, and deny Plaintiffs sustained damages in the sums alleged, or any sum of damages at

10

all.

11

### FOURTH DEFENSE

12

This Court lacks personal jurisdiction over Hometown LLC.

13

### FIFTH DEFENSE

14

Plaintiffs are barred from pursuing any claim against Hometown LLC in the Superior Court of

15

the State of California, County of Sonoma, because venue is improper.

16

### SIXTH DEFENSE

17

Plaintiffs have no right of action, procedural capacity and/or standing to bring some or all of the

18

claims raised in the Complaint and/or lack standing to bring claims on behalf of the putative class and

19

sub-class.

20

### SEVENTH DEFENSE

21

Plaintiffs and some or all of the putative class members do not have standing to assert the

22

claims against Hometown LLC.

23

### EIGHTH DEFENSE

24

The claims are barred by acceptance of the goods.

25

### NINTH DEFENSE

26

The claims are barred by lack of privity.  Hometown LLC never had any contractual or other

27

relationship with Plaintiffs and/or any member of the putative class.

28

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

**TENTH DEFENSE**

The alleged damages were caused by the acts or omissions of others for which Hometown LLC has no legal responsibility and for which Hometown LLC denies it was the proximate cause, and no act or omission by Hometown LLC represents a causal link, proximate cause, cause in fact, or but for cause with respect to the alleged damages or injury.

**ELEVENTH DEFENSE**

Plaintiffs and the purported class members cannot recover the alleged damages because they are the result of an intervening or superseding cause.

**TWELFTH DEFENSE**

The claims are barred because Hometown LLC breached no duty to Plaintiffs and/or any purported class member.

**THIRTEENTH DEFENSE**

The claims against Hometown LLC are barred, in whole or in part, by the applicable prescription and peremption periods, and by the doctrines of laches, estoppel and waiver.

**FOURTEENTH DEFENSE**

Hometown LLC asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrine of mistake.

**FIFTEENTH DEFENSE**

Hometown LLC asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrine of ambiguity.

**SIXTEENTH DEFENSE**

To the extent any contract claim is alleged against it, which claim is expressly denied for lack of privity, Hometown LLC asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrines of ratification and/or acquiescence.

**SEVENTEENTH DEFENSE**

To the extent any contract claim is alleged against it, which claim is expressly denied for lack of privity, Hometown LLC asserts that the claims made by Plaintiffs and some or all of the putative class members are

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

extinguished, in whole or in part, by the doctrines of setoff and/or recoupment.

## EIGHTEENTH DEFENSE

To the extent any fraud claim is alleged, Hometown LLC asserts the claim is not pleaded with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

## NINETEENTH DEFENSE

To the extent any contract claim is alleged against it, which claim is expressly denied for lack of privity, Hometown LLC asserts that Plaintiffs and some or all of the putative class members have failed to satisfy all conditions precedent.

## TWENTIETH DEFENSE

Hometown LLC asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrine of equitable estoppel.

## TWENTY-FIRST DEFENSE

The claims are barred, in whole or part, by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-SECOND DEFENSE

Plaintiffs' own action or inaction and/or the actions of the putative class members caused or contributed to the alleged damages.

## TWENTY-THIRD DEFENSE

The claims against Hometown LLC for damages are barred, in whole or in part: (i) because Plaintiffs and/or the purported class members failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce their recovery and the allocation of any fault, if any exists, attributable to Hometown LLC; (ii) because Plaintiffs and/or the purported class members would be unjustly enriched if allowed to recover any portion of the damages alleged; and (iii) because the damages are speculative and remote, and because of the impossibility of ascertaining and allocating those alleged damages.

## TWENTY-FOURTH DEFENSE

The claims are barred by the doctrine of unjust enrichment.

## TWENTY-FIFTH DEFENSE

To the extent any contract claim is alleged against it, which claim is expressly denied for lack of privity,

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

Hometown LLC asserts the claims are barred by Plaintiffs and/or the putative class members' own breach of the contract.

## TWENTY-SIXTH DEFENSE

Hometown LLC asserts that the Class Action Complaint fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure or any state rule.

## TWENTY-SEVENTH DEFENSE

Hometown LLC asserts that Plaintiffs are not proper class representatives.

## TWENTY-EIGHTH DEFENSE

Class certification is inappropriate because of conflicts of interest between Plaintiffs and the members of the putative class and/or between and among members of the putative class.

## TWENTY-NINTH DEFENSE

Class certification is inappropriate because the Plaintiffs and/or Plaintiffs' counsel are inadequate representatives of the members of the putative class.

## THIRTIETH DEFENSE

To the extent special damages are sought, such damages may never be the subject of class treatment under Rule 23 of the Federal Rules of Civil Procedure or any state rule.

## THIRTY-FIRST DEFENSE

The Class Action Complaint fails to adequately define any class of persons who could properly maintain this action as a class action.

## THIRTY-SECOND DEFENSE

Class certification is inappropriate because the class defined is not ascertainable.

## THIRTY-THIRD DEFENSE

Class certification is inappropriate because there is a lack of commonality of questions of law.

## THIRTY-FOURTH DEFENSE

Class certification is inappropriate because the claims of some purported class members are governed under the laws of different states.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

### THIRTY-FIFTH DEFENSE

Class certification is inappropriate because there is a lack of commonality of questions of fact.

### THIRTY-SIXTH DEFENSE

Class certification is inappropriate because there is a lack of typicality.

### THIRTY-SEVENTH DEFENSE

Class certification is inappropriate because there are likely to be difficulties in the management of the proposed class action.

### THIRTY-EIGHTH DEFENSE

Class certification is inappropriate because the claim and types of relief alleged by Plaintiffs on their behalf and that of the putative class are matters in which individual questions of fact and law predominate over common questions.

### THIRTY-NINTH DEFENSE

Class certification is inappropriate because the claims and types of relief alleged by Plaintiffs are not common to or typical of any claims of the members of the putative class which Plaintiffs purports to represent.

### FORTIETH DEFENSE

Class certification is inappropriate because the Plaintiffs have not shown and cannot show that class treatment of the claims alleged and relief sought is superior to other methods of adjudicating the dispute.

### FORTY-FIRST DEFENSE

Neither Plaintiffs nor any purported class member has suffered, and none will suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Hometown LLC as alleged in the Complaint.

### FORTY-SECOND DEFENSE

To the extent that Plaintiffs and/or any purported class member obtains recovery in any other proceeding predicated on the same factual allegations, Plaintiffs and/or any purported class member are

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

barred from seeking recovery against Hometown LLC based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### FORTY-THIRD DEFENSE

The claims are barred by prior bankruptcy proceedings of Plaintiffs and/or purported class members, and Plaintiffs and/or such purported class members, who went through such bankruptcy proceedings, are not the real party in interest and lack standing to pursue the causes of action.

### FORTY-FOURTH DEFENSE

The claims are barred, in whole or in part, to the extent that Plaintiffs and/or any purported class member has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

### FORTY-FIFTH DEFENSE

To the extent that Plaintiffs or any purported class member attempts to seek equitable relief against Hometown LLC, they are not entitled to such relief because they have an adequate remedy at law.

### FORTY-SIXTH DEFENSE

The claims against Hometown LLC are barred, in whole or in part, because of the non-joinder of indispensable parties needed for a just adjudication. Hometown LLC further objects to class certification on the ground that Plaintiffs have failed to join indispensable parties.

### FORTY-SEVENTH DEFENSE

Any damages recovered from Hometown LLC must be limited by the applicable statutory ceilings on recoverable damages.

### FORTY-EIGHTH DEFENSE

The claims against Hometown LLC are improperly cumulated and/or joined with claims against other Defendants and must be severed.

### FORTY-NINTH DEFENSE

To the extent that punitive damages are sought, the claims for punitive damages against Hometown LLC cannot be sustained because an award of punitive damages by a jury that: (i) is not

provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Hometown LLC; (iv) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (v) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; (vi) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards; and/or (vii.) is permitted to award such damages when Hometown LLC was not given prior notice of the conduct for which such damages may be imposed.  Such award of punitive damages would violate Hometown LLC's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of California or other state.

### FIFTIETH DEFENSE

To the extent punitive damages are sought, the claims for punitive damages against Hometown LLC cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed would: (i) violate Hometown LLC's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (ii) violate Hometown LLC's right not to be subjected to an excessive award; and (iii) be improper under the Constitution, common law, and public policies of the State of California or other state.

### FIFTY-FIRST DEFENSE

The claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to

the extent they are even pleaded, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States and any analogous provisions of the Constitution of the State of California or other state on each of the following separate and several grounds: (i.) the procedures fail to provide means for awarding separate judgments against alleged tortfeasors; (ii.) the procedures fail to provide a limit on the amount of the award against separate defendants; (iii.) the procedures fail to provide specific standards for the award of punitive damages; (iv.) the procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions; (v.) the procedures fail to provide a clear consistent and appellate standard of review of an award of punitive damages; (vi.) the procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and (vii.) the standards of conduct upon which punitive damages are sought are vague.

## FIFTY-SECOND DEFENSE

To the extent Plaintiffs and/or some or all of the putative class members seek or will accept an award of exemplary or punitive damages, Hometown LLC specifically incorporates by reference any and all standards of limitations regarding the determinations and/or enforceability of such damage awards set forth in the United States Supreme Court decisions of *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## FIFTY-THIRD DEFENSE

No trial by jury on the issue of punitive or exemplary damages, to the extent alleged, is permitted under *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

## FIFTY-FOURTH DEFENSE

Hometown LLC asserts that Plaintiffs and/or putative class members are not entitled to any award of attorneys' fees.

## FIFTY-FIFTH DEFENSE

Hometown LLC asserts that there can be no class-wide award of punitive or exemplary damages.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

**FIFTY-SIXTH DEFENSE**

The claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault.

**FIFTY-SEVENTH DEFENSE**

To the extent the negligence, lack of care and/or fault of any person or entity other than Hometown LLC was a legal cause, in whole or in part, of any damages, injuries or losses alleged and/or sustained by Plaintiffs or any putative class member, then Hometown LLC pleads such negligence, lack of care and/or fault in defense of, as a bar to and/or as a reduction of any liability of Hometown LLC.

**FIFTY-EIGHTH DEFENSE**

In the event a product for which Hometown LLC may be alleged to be responsible and liable, which responsibility and liability Hometown LLC expressly denies, was involved in the transaction and occurrence at issue, then to the extent that product was misused or abused and contributed to the damages, injuries or losses alleged, then Hometown LLC pleads such misuse and/or abuse in defense of, as a bar to, and/or as a reduction of any liability of Hometown LLC.

**FIFTY-NINTH DEFENSE**

In the event Hometown LLC is found liable to Plaintiffs, which liability is at all times denied, then that liability must be reduced by the proportion of fault of others whose fault was a legal cause of the damages, injuries or losses alleged and/or sustained by Plaintiffs.

**SIXTIETH DEFENSE**

The events, injuries, losses and damages alleged and/or sustained by Plaintiffs and/or the purported class members occurred without any negligence, want of care, fault, or other breach of duty on the part of Hometown LLC.

**SIXTY-FIRST DEFENSE**

To the extent that the fault of others for whom or which Hometown LLC was not responsible and cannot be held liable, was active and primary in character and a legal cause of the injuries, losses and damages alleged, then Hometown LLC pleads such active and primary fault of others in defense of, as a bar to and/or as a reduction of any liability of Hometown LLC; and further, in and to the foregoing

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

extent, that any fault of Hometown LLC, which is at all times denied, was passive or secondary in nature, and as a result, Hometown LLC cannot be held liable, or in the alternative, Hometown LLC's liability, if any, must be reduced by the proportion of fault of others, including Plaintiffs and/or the purported class members, whose fault was a legal cause of the damages, injuries or losses alleged and/or sustained by them.

### SIXTY-SECOND DEFENSE

The Complaint and each cause of action alleged therein fail to show any entitlement to the remedy of injunctive relief because, among other things, they fail to state facts sufficient to show inadequacy of a legal remedy.

### SIXTY-THIRD DEFENSE

The written notice required by California Civil Code § 798.84 was defective, insufficient, and did not comply with the requirements of said statute, and therefore there can be no recovery on the alleged causes of action, among other things, this written notice failed to notify Hometown LLC of the basis of the claim, the specific allegations, and the remedies requested. Therefore, the alleged causes of action are barred and must fail.

### SIXTY-FOURTH DEFENSE

Plaintiffs alleged and/or seek to recover an improper measure of damages.

### SIXTY-FIFTH DEFENSE

Hometown LLC acted in good faith and has reasonable grounds for believing its conduct did not violate any law and, in fact, its conduct did not violate any law.

### SIXTY-SIXTH DEFENSE

The Class Action Complaint and each purported claim therein are barred on the grounds that Hometown LLC did not engage in any wrongful conduct or breach of contract.

### SIXTY-SEVENTH DEFENSE

Hometown LLC's alleged breach of contract is excused by impossibility or impracticability of performance and/or force majeure.

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

### SIXTY-EIGHTH DEFENSE

Plaintiffs prevented or frustrated the performance of the contract by Hometown LLC.

### SIXTY-NINTH DEFENSE

Any actions by Hometown LLC that could be construed as relating to the conduct alleged in the Class Action Complaint were not unlawful, unfair, or fraudulent.

### SEVENTIETH DEFENSE

The Class Action Complaint and each cause of action alleged therein fail to show any entitlement to the remedy of injunctive relief because, among other things, they fail to state facts sufficient to show inadequacy of a legal remedy.

### SEVENTY-FIRST DEFENSE

Plaintiffs' alleged damages are limited by the economic loss doctrine.

### SEVENTY-SECOND DEFENSE

Hometown LLC adopts any and all defenses asserted by any other defendant in this action.

### SEVENTY-THIRD DEFENSE

The exact causes of action, damages/losses claimed by Plaintiffs and/or any putative class members are unknown to Hometown LLC, and thus Hometown LLC cannot adequately determine all defenses that may be applicable.  Therefore, Hometown LLC reserves the right to amend its Answer to assert additional defenses and/or affirmative defenses and to assert Cross-Claims, Counterclaims, and/or Third-Party Claims as may become apparent or available during the course of litigation.

Dated:  June 22, 2018              MAYNARD COOPER & GALE LLP

                                   Respectfully submitted,

                                   /s/ *Linda B. Oliver*
                                   Linda B. Oliver
                                   *Attorneys for Defendants Hometown America*
                                   *Management, Corp., Hometown America Management,*
                                   *LLC, and Hometown America Management, LP*

ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                    )

3

COUNTY OF SAN FRANCISCO            )

4

I am employed in the County of San Francisco, State of California.  I am over the age of 21

5

and not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, 600

6

Montgomery Street, Suite 2600, San Francisco, CA 94111.  On the date indicated below, I served the

foregoing document described as:

7

8

**ANSWER OF HOMETOWN AMERICA MANAGEMENT, LLC**

9

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and
correct copy thereof enclosed in sealed envelopes addressed as follows:

10

11

Mark P. Robinson, Jr.

ROBINSON CALCAGNIE, INC.

12

19 Corporate Plaza Drive

Newport Beach, CA 92660

13

Telephone: (949) 720-1288

Facsimile: (949) 720-1292

14

Email: mrobinson@robinson firm.com

15

Mary Alexander

16

MARY ALEXANDER & ASSOCIATES, P.C.

44 Montgomery Street, Suite 1303

17

San Francisco, CA 94104

Telephone: (415) 433-4440

18

Facsimile: (415) 433-5440

Email: malexander@maryalexanderlaw.com

19

20

Attorneys for Plaintiffs and the Proposed Class

21

[X]    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing

22

correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service

on that same day with postage thereon fully prepaid at San Francisco, California in the

23

ordinary course of business.  I am aware that on motion of the party served, service is

presumed invalid if postal cancellation date or postage meter date is more than one day after

24

date of deposit for mailing in affidavit.

25

I declare that I am employed in the office of a member who has been admitted to the bar of this

26

Court at whose direction the service was made.  I declare under penalty of perjury under the laws of

the State of California that the foregoing is true and correct.

27

1    Executed June 22, 2018 in San Francisco, California.

2

3                                                          Rachel Ouk