W. SCOTT SIMPSON (*Pro Hac Vice* forthcoming)
JONATHAN E. BELING (*Pro Hac Vice* forthcoming)
SIMPSON, MCMAHAN GLICK & BURFORD, PLLC
2700 Highway 280, Suite 203W
Birmingham, Alabama 24112
Telephone: (205) 876-1600
Email: wsimpson@smgblawyers.com
jbeling@smgblawyers.com

LEE E. BAINS, JR. (*Pro Hac Vice* forthcoming)
THOMAS W. THAGARD (*Pro Hac Vice* forthcoming)
JAMES C. LESTER (*Pro Hac Vice* forthcoming)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Email: lbains@maynardcooper.com
tthagard@maynardcooper.com
jlester@maynardcooper.com

LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 646-4700

Attorneys for Defendants HOMETOWN AMERICA MANAGEMENT
CORP., HOMETOWN AMERICA MANAGEMENT L.P.,
HOMETOWN AMERICA MANAGEMENT LLC AND DANI CRAWFORD

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAM FOLKS and ELEANOR MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOMETOWN AMERICA MANAGEMENT CORPORATION, a Delaware corporation; HOMETOWN AMERICA MANAGEMENT L.P., a Delaware partnership; HOMETOWN AMERICA MANAGEMENT LLC, a Delaware limited liability company; dba THE ORCHARD MOBILEHOME COMMUNITY; DANI CRAWFORD; and DOES 1 through 20,<br><br>Defendants. | CASE NO. 3:18-cv-03702 MEJ<br><br>**ANSWER OF DANI CRAWFORD** |

Defendant Dani Crawford ("Crawford") submits the following answer and affirmative defenses to the Class Action Complaint ("Complaint") filed by Plaintiffs Cam Folks ("Folks") and Eleanor Miller ("Miller") (collectively, "Plaintiffs") as follows:

## I.   INTRODUCTION

1.    Crawford admits that wildfires occurred in Sonoma County in October 2017, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining specific allegations of Paragraph 1.

2.    Crawford admits the allegations in the first sentence of Paragraph 2. The remaining allegations in Paragraph 2 express Plaintiffs' characterization of this action and are not allegations of fact; thus, thus no response is required. To the extent a response is required, Crawford denies the remaining allegations in Paragraph 2.

3.    Crawford admits that the October 2017 wildfires damaged or destroyed homes in The Orchard manufactured housing community. Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3.

4.    Crawford denies the allegations of Paragraph 4.

5.    Crawford denies the allegations of Paragraph 5.

## II.   FACTUAL BACKGROUND

6.    Crawford admits that Folks is 59 years old and that the Plaintiffs and other residents of The Orchard sustained damage to their homes caused by the October 2017 wildfires. Crawford lacks knowledge or information sufficient to form a belief about the truth of whether the photograph inserted in Paragraph 6 of the Complaint is one of the homes destroyed by the October 2017 wildfires. Crawford denies the remaining allegations of Paragraph 6.

7.    Crawford admits that the October 2017 wildfires damaged or destroyed homes in The Orchard manufactured housing community, including the homes of the Plaintiffs. Crawford lacks

ANSWER OF DANI CRAWFORD

knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7.

8.   Crawford admits the allegations in the first sentence of Paragraph 8. The remaining allegations in Paragraph 8 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 8 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

9.   Crawford admits that Hometown America Management, L.P. ("Hometown LP") manages The Orchard manufactured home community. Crawford admits she is employed by Hometown LP. Crawford denies the remaining allegations of Paragraph 9.

10.   Crawford denies the allegations in Paragraph 10 as they pertain to Crawford, and Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 to the extent they pertain to any other defendant in this action, and on that basis denies the allegations.

11.   Crawford admits that the Plaintiffs owned manufactured homes located at The Orchard at the time of the October 2017 wildfires. Crawford denies the remaining allegations of Paragraph 11.

12.   Crawford admits that the homes of the Plaintiffs were damaged or destroyed by the October 2017 wildfires. Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12.

13.   Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13.

14.   Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Crawford denies the allegations in Paragraph 15 as they pertain to her. Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 to the extent they pertain to any other defendant in this action.

16. Crawford denies the allegations of Paragraph 16.

17. Crawford denies the allegations of Paragraph 17.

18. Crawford admits Hometown LP communicated the estimated clean-up and remediation costs to the residents of The Orchard affected by the October 2017 wildfires. Crawford denies Plaintiffs' characterization of said communications. Crawford denies the remaining allegations of Paragraph 18.

19. Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19.

20. Crawford admits that The Orchard manufactured home community received post-fire clearance from the City of Santa Rosa for all sites at The Orchard in or around April 2018. Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20.

21. Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21.

22. Crawford admits the allegations of Paragraph 22 as they pertain to Hometown LP. Crawford denies the allegations of Paragraph 22 to the extent they pertain to her or any other defendant in this action.

23. Crawford admits the allegations in the first sentence of Paragraph 23, as they pertain to Hometown LP. Crawford denies the remaining allegations of Paragraph 23, which constitute Plaintiffs' characterization of the pamphlet referenced in Paragraph 23, which speaks for itself and is the best evidence of its contents, and denies the allegations of Paragraph 23 to the extent they are contrary to the

contents of the pamphlet. Crawford denies the allegations of Paragraph 23 to the extent they pertain to her and any other defendant in this action.

24.     Crawford states that the letter referenced in Paragraph 24 speaks for itself and is the best evidence of its contents, and denies the allegations of Paragraph 24 to the extent they are contrary to the contents of letter. Crawford denies the allegations in Paragraph 24 to the extent they pertain to her.

25.     Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25.

26.     Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26.

27.     Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27.

28.     Crawford admits a letter from an attorney was sent to all residents of The Orchard on or about April 25, 2018, and said letter speaks for itself and is the best evidence of its contents, and denies the allegations of Paragraph 28 to the extent they are contrary to the contents of the letter. Crawford denies the allegations of Paragraph 28 to the extent they pertain to her.

29.     Crawford admits that temporary trailers are not permitted at The Orchard. Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 29. Crawford denies the remaining allegations of Paragraph 29.

30.     Crawford admits Hometown LP manages manufactured home parks in California. Crawford denies the remaining allegations of Paragraph 30.

31.     Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31.

32.     Crawford denies the allegations of Paragraph 32.

ANSWER OF DANI CRAWFORD

33.     Crawford admits the allegations in the first sentence of Paragraph 33 as they pertain to Hometown LP. Crawford denies the remaining allegations of Paragraph 33, which constitute Plaintiffs' characterization of the email referenced in Paragraph 33, which speaks for itself and is the best evidence of its contents, and denies the allegations of Paragraph 33 to the extent they are contrary to the contents of the email. Crawford denies the allegations of Paragraph 33 to the extent they pertain to her.

34.     Crawford admits the allegations in the second sentence of Paragraph 34. Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 34. Crawford denies the remaining allegations of Paragraph 34.

### III.     JURISDICTION AND VENUE

35.     The first three sentences of Paragraph 35 express Plaintiffs' characterization of this action and are not allegations of fact; thus, thus no response is required. To the extent a response is required, Crawford denies the allegations in the first three sentences of Paragraph 35. The remaining allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 35 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

36.     Crawford admits The Orchard manufactured home community is located in Santa Rosa, California. Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 36. The remaining allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 36 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

6

ANSWER OF DANI CRAWFORD

## IV.    THE PARTIES

37.    Crawford admits the allegations in the second and third sentences of Paragraph 37. Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37.

38.    Crawford admits the allegations in the second and third sentences of Paragraph 38. Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38.

39.    Crawford admits she is an employee of Hometown LP and that she resides in Sacramento County, California. Crawford denies that "Hometown America Corporation" is a defendant in this action, and Crawford lacks knowledge or information sufficient to form a belief about the truth of the state of incorporation for any entity known as Hometown America Corporation and the location of its principal place of business. Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 39.

40.    Crawford admits that Hometown LP manages The Orchard manufactured home community and has an on-site manager. Crawford denies the remaining allegations of Paragraph 40.

41.    The allegations of Paragraph 41 are not allegations of fact directed at Crawford and, thus, no response is required. To the extent a response is required, Crawford denies the allegations of Paragraph 41.

42.    Crawford denies the allegations of Paragraph 42.

43.    The allegations of Paragraph 43 are not allegations of fact directed at Crawford and, thus, no response is required. To the extent a response is required, Crawford denies the allegations of Paragraph 43.

44.    Crawford denies the allegations of Paragraph 44.

45.    Crawford denies the allegations of Paragraph 45.

## V.   ADDITIONAL FACTUAL ALLEGATIONS

46.     Crawford admits that the Plaintiffs owned homes located at The Orchard, which is a 55 and older manufactured home community in Santa Rosa, California. The remaining allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 46 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

47.     Crawford admits that Hometown LP manages The Orchard. Crawford denies the remaining allegations of Paragraph 47.

48.     Crawford admits the October 2017 wildfires damaged or destroyed homes located at The Orchard, including those owned by the Plaintiffs. Crawford denies the remaining allegations of Paragraph 48.

49.     Crawford denies she is the owner of The Orchard. The remaining allegations in Paragraph 49 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 49 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

50.     The allegations in Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 50 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

51.     Crawford admits that the Plaintiffs are 55 years of age or older. The remaining allegations in Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 51 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

52.     Crawford lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiffs are parties to a lease at The Orchard. Crawford denies that she is a party to said lease. The remaining allegations in Paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 52 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

53.     The allegations in Paragraph 53 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 53 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

54.     The allegations in Paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 54 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

55.     Crawford denies the allegations of Paragraph 55.

56.     The allegations in Paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 56 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

57.     Crawford denies the allegations in the second sentence of Paragraph 57. The remaining allegations in Paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Crawford lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph 57 and Crawford denies Plaintiffs' legal conclusions to the extent they are inconsistent with the governing statutes, regulations, court decisions and/or the facts of this case.

58.     Crawford denies the allegations in the first and third sentences of Paragraph 58. To the extent that the second sentence of Paragraph 58 alleges that Crawford is guilty of capitalizing on a tragedy or has betrayed the trust of anyone, Crawford denies the allegations.

59.     Crawford denies the allegations of Paragraph 59.

60.     Crawford states that the Plaintiffs have not attached any purported "Standard Rental Agreement" to the Complaint and, therefore, Crawford lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.     Crawford denies the allegations of Paragraph 61.

62.     Crawford states that the email, partially quoted in Paragraph 62, speaks for itself and is the best evidence of its contents, and denies the allegations of Paragraph 62 to the extent they are contrary to the contents of email. Crawford denies the remaining allegations in Paragraph 62.

63.     Crawford states that the allegations in Paragraph 63 purport to describe the contents of a letter identified in Paragraph 64 of the Complaint and said letter speaks for itself and is the best

evidence of its contents, and denies the allegations of Paragraph 63 to the extent they are contrary to the contents of letter. Crawford denies the remaining allegations in Paragraph 63.

64.     Crawford states that the letter, partially quoted in Paragraph 64, speaks for itself and is the best evidence of its contents, and denies the allegations of Paragraph 64 to the extent they are contrary to the contents of letter. Crawford denies the remaining allegations of Paragraph 64.

65.     Crawford denies the allegations of Paragraph 65.

66.     Crawford denies the allegations of Paragraph 66.

## VI.     CLASS ALLEGATIONS

67.     The first sentence of Paragraph 67 is not an allegation of fact, but the Plaintiffs' characterization of this action, and no response is required. Crawford denies the remaining allegations of Paragraph 67.

68.     Crawford denies that the putative class described in Paragraph 68 is appropriate for class certification.

69.     Crawford denies that the putative sub-class described in Paragraph 69 is appropriate for class certification.

70.     The allegations of Paragraph 70 are not allegations of fact directed at Crawford and, thus, no response is required.

71.     Crawford denies the allegations of Paragraph 71.

72.     Crawford denies the allegations of Paragraph 72.

73.     The allegations of Paragraph 73 are not allegations of fact directed at Crawford and, thus, no response is required.

74.     Crawford denies the allegations of Paragraph 74.

75.     Crawford denies the allegations of Paragraph 75.

76.     Crawford denies the allegations of Paragraph 76.

ANSWER OF DANI CRAWFORD

77.     Crawford denies the allegations of Paragraph 77.

78.     Crawford denies the allegations of Paragraph 78.

79.     Crawford denies the allegations of Paragraph 79.

## VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Violation of California Civil Code 798 et seq.)

### (Plaintiffs and the Class Against All Defendants)

80.     Answering Paragraph 80, Crawford avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

81.     Crawford denies the allegations of Paragraph 81.

82.     Crawford denies the allegations of Paragraph 82.

83.     Crawford denies the allegations of Paragraph 83.

### SECOND CAUSE OF ACTION

### (Elder Abuse)

### (Plaintiffs and the Sub-Class Against All Defendants)

84.     Answering Paragraph 84, Crawford avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

85.     Crawford denies the allegations of Paragraph 85.

86.     Crawford denies the allegations of Paragraph 86.

87.     Crawford denies the allegations of Paragraph 87.

88.     Crawford denies the allegations of Paragraph 88.

89.     Crawford denies the allegations of Paragraph 89.

ANSWER OF DANI CRAWFORD

**THIRD CAUSE OF ACTION**

**(Violation of California Business & Professional Code § 17200 et seq.)**

**(Plaintiffs and the Class Against All Defendants)**

90.     Answering Paragraph 90, Crawford avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

91.     Crawford denies the allegations of Paragraph 91.

92.     Crawford denies the allegations of Paragraph 92.

93.     Crawford denies the allegations of Paragraph 93.

94.     Crawford denies the allegations of Paragraph 94.

95.     Crawford denies the allegations of Paragraph 95.

**FOURTH CAUSE OF ACTION**

**(Breach of Written Contract)**

**(Plaintiffs and the Class Against All Defendants)**

96.     Answering Paragraph 96, Crawford avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

97.     Crawford denies the allegations of Paragraph 97.

98.     Crawford denies the allegations of Paragraph 98.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief)**

**(Plaintiffs and the Class Against All Defendants)**

99.     Answering Paragraph 99, Crawford avers that this paragraph merely incorporates by reference the preceding allegations contained in the Complaint.

100.     Crawford denies the allegations of Paragraph 100.

101.     Crawford denies the allegations of Paragraph 101.

102.     Crawford denies the allegations of Paragraph 102.

ANSWER OF DANI CRAWFORD

103.    Crawford denies the allegations of Paragraph 103.

## IV.    PRAYER FOR RELIEF

Answering the Plaintiffs' Prayer for Relief, Crawford denies the allegations, denies that its Plaintiffs are due any of the relief requested, and demands strict proof thereof.

## DEFENSES

Without assuming any burden of proof where it otherwise lies with Plaintiffs or putative class members, Crawford asserts the following defenses to Plaintiffs' Class Action Complaint:

### FIRST DEFENSE

Crawford generally denies each and every allegation set forth in Plaintiffs' Class Action Complaint except those specifically admitted herein.

### SECOND DEFENSE

The Class Action Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

This Court lacks personal jurisdiction over Crawford.

### FOURTH DEFENSE

Plaintiffs' claims against Crawford fail as a matter of law based on California's managerial privilege. Under clearly settled California law, conduct is privileged if it is performed by an individual in his or her managerial capacity and motivated, in part, to benefit that individual's principal.

### FIFTH DEFENSE

Pursuant to the provisions of the California Code of Civil Procedure, § 431.20(d), Crawford generally denies all the allegations of Plaintiffs' Class Action Complaint except those specifically admitted herein, and deny Plaintiffs sustained damages in the sums alleged, or any sum of damages at all.

**SIXTH DEFENSE**

Plaintiffs are barred from pursuing any claim against Crawford in the Superior Court of the State of California, County of Sonoma, because venue is improper.

**SEVENTH DEFENSE**

Plaintiffs have no right of action, procedural capacity and/or standing to bring some or all of the claims raised in the Complaint and/or lack standing to bring claims on behalf of the putative class and sub-class.

**EIGHTH DEFENSE**

Plaintiffs and some or all of the putative class members do not have standing to assert the claims against Crawford.

**NINTH DEFENSE**

The claims are barred by acceptance of the goods.

**TENTH DEFENSE**

The claims are barred by lack of privity.  Crawford never had any contractual or other relationship with Plaintiffs and/or any member of the putative class.

**ELEVENTH DEFENSE**

The alleged damages were caused by the acts or omissions of others for which Crawford has no legal responsibility and for which Crawford denies it was the proximate cause, and no act or omission by Crawford represents a causal link, proximate cause, cause in fact, or but for cause with respect to the alleged damages or injury.

**TWELFTH DEFENSE**

Plaintiffs and the purported class members cannot recover the alleged damages because they are the result of an intervening or superseding cause.

ANSWER OF DANI CRAWFORD

### THIRTEENTH DEFENSE

The claims are barred because Crawford breached no duty to Plaintiffs and/or any purported class member.

### FOURTEENTH DEFENSE

The claims against Crawford are barred, in whole or in part, by the applicable prescription and peremption periods, and by the doctrines of laches, estoppel and waiver.

### FIFTEENTH DEFENSE

Crawford asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrine of mistake.

### SIXTEENTH DEFENSE

Crawford asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrine of ambiguity.

### SEVENTEENTH DEFENSE

To the extent any contract claim is alleged against her, which claim is expressly denied for lack of privity, Crawford asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrines of ratification and/or acquiescence.

### EIGHTEENTH DEFENSE

To the extent any contract claim is alleged against her, which claim is expressly denied for lack of privity, Crawford asserts that the claims made by Plaintiffs and some or all of the putative class members are extinguished, in whole or in part, by the doctrines of setoff and/or recoupment.

### NINETEENTH DEFENSE

To the extent any fraud claim is alleged, Crawford asserts the claim is not pleaded with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

### TWENTIETH DEFENSE

To the extent any contract claim is alleged against her, which claim is expressly denied for lack of privity, Crawford asserts that Plaintiffs and some or all of the putative class members have failed to satisfy all conditions precedent.

### TWENTY-FIRST DEFENSE

Crawford asserts that the claims made by Plaintiffs and some or all of the putative class members are barred, in whole or in part, by the doctrine of equitable estoppel.

### TWENTY-SECOND DEFENSE

The claims are barred, in whole or part, by the doctrines of *in pari delicto* and/or unclean hands.

### TWENTY-THIRD DEFENSE

Plaintiffs' own action or inaction and/or the actions of the putative class members caused or contributed to the alleged damages.

### TWENTY-FOURTH DEFENSE

The claims against Crawford for damages are barred, in whole or in part: (i) because Plaintiffs and/or the purported class members failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce their recovery and the allocation of any fault, if any exists, attributable to Crawford; (ii) because Plaintiffs and/or the purported class members would be unjustly enriched if allowed to recover any portion of the damages alleged; and (iii) because the damages are speculative and remote, and because of the impossibility of ascertaining and allocating those alleged damages.

### TWENTY-FIFTH DEFENSE

The claims are barred by the doctrine of unjust enrichment.

ANSWER OF DANI CRAWFORD

### TWENTY-SIXTH DEFENSE

To the extent any contract claim is alleged against her, which claim is expressly denied for lack of privity, Crawford asserts the claims are barred by Plaintiffs and/or the putative class members' own breach of the contract.

### TWENTY-SEVENTH DEFENSE

Crawford asserts that the Class Action Complaint fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure or any state rule.

### TWENTY-EIGHTH DEFENSE

Crawford asserts that Plaintiffs are not proper class representatives.

### TWENTY-NINTH DEFENSE

Class certification is inappropriate because of conflicts of interest between Plaintiffs and the members of the putative class and/or between and among members of the putative class.

### THIRTIETH DEFENSE

Class certification is inappropriate because the Plaintiffs and/or Plaintiffs' counsel are inadequate representatives of the members of the putative class.

### THIRTY-FIRST DEFENSE

To the extent special damages are sought, such damages may never be the subject of class treatment under Rule 23 of the Federal Rules of Civil Procedure or any state rule.

### THIRTY-SECOND DEFENSE

The Class Action Complaint fails to adequately define any class of persons who could properly maintain this action as a class action.

### THIRTY-THIRD DEFENSE

Class certification is inappropriate because the class defined is not ascertainable.

### THIRTY-FOURTH DEFENSE

Class certification is inappropriate because there is a lack of commonality of questions of law.

### THIRTY-FIFTH DEFENSE

Class certification is inappropriate because the claims of some purported class members are governed under the laws of different states.

### THIRTY-SIXTH DEFENSE

Class certification is inappropriate because there is a lack of commonality of questions of fact.

### THIRTY-SEVENTH DEFENSE

Class certification is inappropriate because there is a lack of typicality.

### THIRTY-EIGHTH DEFENSE

Class certification is inappropriate because there are likely to be difficulties in the management of the proposed class action.

### THIRTY-NINTH DEFENSE

Class certification is inappropriate because the claim and types of relief alleged by Plaintiffs on their behalf and that of the putative class are matters in which individual questions of fact and law predominate over common questions.

### FORTIETH DEFENSE

Class certification is inappropriate because the claims and types of relief alleged by Plaintiffs are not common to or typical of any claims of the members of the putative class which Plaintiffs purports to represent.

### FORTY-FIRST DEFENSE

Class certification is inappropriate because the Plaintiffs have not shown and cannot show that class treatment of the claims alleged and relief sought is superior to other methods of adjudicating the dispute.

ANSWER OF DANI CRAWFORD

**FORTY-SECOND DEFENSE**

Neither Plaintiffs nor any purported class member has suffered, and none will suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Crawford as alleged in the Complaint.

**FORTY-THIRD DEFENSE**

To the extent that Plaintiffs and/or any purported class member obtains recovery in any other proceeding predicated on the same factual allegations, Plaintiffs and/or any purported class member are barred from seeking recovery against Crawford based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

**FORTY-FOURTH DEFENSE**

The claims are barred by prior bankruptcy proceedings of Plaintiffs and/or purported class members, and Plaintiffs and/or such purported class members, who went through such bankruptcy proceedings, are not the real party in interest and lack standing to pursue the causes of action.

**FORTY-FIFTH DEFENSE**

The claims are barred, in whole or in part, to the extent that Plaintiffs and/or any purported class member has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

**FORTY-SIXTH DEFENSE**

To the extent that Plaintiffs or any purported class member attempts to seek equitable relief against Crawford, they are not entitled to such relief because they have an adequate remedy at law.

**FORTY-SEVENTH DEFENSE**

The claims against Crawford are barred, in whole or in part, because of the non-joinder of indispensable parties needed for a just adjudication. Crawford further objects to class certification on the ground that Plaintiffs have failed to join indispensable parties.

ANSWER OF DANI CRAWFORD

### FORTY-EIGHTH DEFENSE

Any damages recovered from Crawford must be limited by the applicable statutory ceilings on recoverable damages.

### FORTY-NINTH DEFENSE

The claims against Crawford are improperly cumulated and/or joined with claims against other Defendants and must be severed.

### FIFTIETH DEFENSE

To the extent that punitive damages are sought, the claims for punitive damages against Crawford cannot be sustained because an award of punitive damages by a jury that: (i) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Crawford; (iv) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (v) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; (vi) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards; and/or (vii.) is permitted to award such damages when Crawford was not given prior notice of the conduct for which such damages may be imposed. Such award of punitive damages would violate Crawford's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be

improper under the Constitution, common law, and public policies of the State of California or other state.

### FIFTY-FIRST DEFENSE

To the extent punitive damages are sought, the claims for punitive damages against Crawford cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed would: (i) violate Crawford's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (ii) violate Crawford's right not to be subjected to an excessive award; and (iii) be improper under the Constitution, common law, and public policies of the State of California or other state.

### FIFTY-SECOND DEFENSE

The claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pleaded, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States and any analogous provisions of the Constitution of the State of California or other state on each of the following separate and several grounds: (i.) the procedures fail to provide means for awarding separate judgments against alleged tortfeasors; (ii.) the procedures fail to provide a limit on the amount of the award against separate defendants; (iii.) the procedures fail to provide specific standards for the award of punitive damages; (iv.) the procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions; (v.) the procedures fail to provide a clear consistent and appellate standard of review of an award of punitive damages; (vi.) the procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and (vii.) the standards of conduct upon which punitive damages are sought are vague.

ANSWER OF DANI CRAWFORD

### FIFTY-THIRD DEFENSE

To the extent Plaintiffs and/or some or all of the putative class members seek or will accept an award of exemplary or punitive damages, Crawford specifically incorporates by reference any and all standards of limitations regarding the determinations and/or enforceability of such damage awards set forth in the United States Supreme Court decisions of *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

### FIFTY-FOURTH DEFENSE

No trial by jury on the issue of punitive or exemplary damages, to the extent alleged, is permitted under *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

### FIFTY-FIFTH DEFENSE

Crawford asserts that Plaintiffs and/or putative class members are not entitled to any award of attorneys' fees.

### FIFTY-SIXTH DEFENSE

Crawford asserts that there can be no class-wide award of punitive or exemplary damages.

### FIFTY-SEVENTH DEFENSE

The claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault.

### FIFTY-EIGHTH DEFENSE

To the extent the negligence, lack of care and/or fault of any person or entity other than Crawford was a legal cause, in whole or in part, of any damages, injuries or losses alleged and/or sustained by Plaintiffs or any putative class member, then Crawford pleads such negligence, lack of care and/or fault in defense of, as a bar to and/or as a reduction of any liability of Crawford.

ANSWER OF DANI CRAWFORD

**FIFTY-NINTH DEFENSE**

In the event a product for which Crawford may be alleged to be responsible and liable, which responsibility and liability Crawford expressly denies, was involved in the transaction and occurrence at issue, then to the extent that product was misused or abused and contributed to the damages, injuries or losses alleged, then Crawford pleads such misuse and/or abuse in defense of, as a bar to, and/or as a reduction of any liability of Crawford.

**SIXTIETH DEFENSE**

In the event Crawford is found liable to Plaintiffs, which liability is at all times denied, then that liability must be reduced by the proportion of fault of others whose fault was a legal cause of the damages, injuries or losses alleged and/or sustained by Plaintiffs.

**SIXTY-FIRST DEFENSE**

The events, injuries, losses and damages alleged and/or sustained by Plaintiffs and/or the purported class members occurred without any negligence, want of care, fault, or other breach of duty on the part of Crawford.

**SIXTY-SECOND DEFENSE**

To the extent that the fault of others for whom or which Crawford was not responsible and cannot be held liable, was active and primary in character and a legal cause of the injuries, losses and damages alleged, then Crawford pleads such active and primary fault of others in defense of, as a bar to and/or as a reduction of any liability of Crawford; and further, in and to the foregoing extent, that any fault of Crawford, which is at all times denied, was passive or secondary in nature, and as a result, Crawford cannot be held liable, or in the alternative, Crawford's liability, if any, must be reduced by the proportion of fault of others, including Plaintiffs and/or the purported class members, whose fault was a legal cause of the damages, injuries or losses alleged and/or sustained by them.

ANSWER OF DANI CRAWFORD

### SIXTY-THIRD DEFENSE

The Complaint and each cause of action alleged therein fail to show any entitlement to the remedy of injunctive relief because, among other things, they fail to state facts sufficient to show inadequacy of a legal remedy.

### SIXTY-FOURTH DEFENSE

The written notice required by California Civil Code § 798.84 was defective, insufficient, and did not comply with the requirements of said statute, and therefore there can be no recovery on the alleged causes of action, among other things, this written notice failed to notify Crawford of the basis of the claim, the specific allegations, and the remedies requested. Therefore, the alleged causes of action are barred and must fail.

### SIXTY-FIFTH DEFENSE

Plaintiffs alleged and/or seek to recover an improper measure of damages.

### SIXTY-SIXTH DEFENSE

Crawford acted in good faith and has reasonable grounds for believing its conduct did not violate any law and, in fact, its conduct did not violate any law.

### SIXTY-SEVENTH DEFENSE

The Class Action Complaint and each purported claim therein are barred on the grounds that Crawford did not engage in any wrongful conduct or breach of contract.

### SIXTY-EIGHTH DEFENSE

Crawford's alleged breach of contract is excused by impossibility or impracticability of performance and/or force majeure.

### SIXTY-NINTH DEFENSE

Plaintiffs prevented or frustrated the performance of the contract by Crawford.

ANSWER OF DANI CRAWFORD

### SEVENTIETH DEFENSE

Any actions by Crawford that could be construed as relating to the conduct alleged in the Class Action Complaint were not unlawful, unfair, or fraudulent.

### SEVENTY-FIRST DEFENSE

The Class Action Complaint and each cause of action alleged therein fail to show any entitlement to the remedy of injunctive relief because, among other things, they fail to state facts sufficient to show inadequacy of a legal remedy.

### SEVENTY-SECOND DEFENSE

Plaintiffs' alleged damages are limited by the economic loss doctrine.

### SEVENTY-THIRD DEFENSE

Crawford adopts any and all defenses asserted by any other defendant in this action.

### SEVENTY-FOURTH DEFENSE

The exact causes of action, damages/losses claimed by Plaintiffs and/or any putative class members are unknown to Crawford, and thus Crawford cannot adequately determine all defenses that may be applicable.  Therefore, Crawford reserves the right to amend its Answer to assert additional defenses and/or affirmative defenses and to assert Cross-Claims, Counterclaims, and/or Third-Party Claims as may become apparent or available during the course of litigation.

Dated:  June 28, 2018                         MAYNARD COOPER & GALE LLP

Respectfully submitted,

/s/ *Linda B. Oliver*
Linda B. Oliver
*Attorneys for Defendants Hometown America Management, Corp., Hometown America Management, LLC, Hometown America Management, LP, and Dani Crawford*

ANSWER OF DANI CRAWFORD

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
COUNTY OF SAN FRANCISCO                )

      I am employed in the County of San Francisco, State of California.  I am over the age of 21 and not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, CA 94111.  On the date indicated below, I served the foregoing document described as:

**ANSWER OF DANI CRAWFORD**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Mark P. Robinson, Jr.
ROBINSON CALCAGNIE, INC.
19 Corporate Plaza Drive
Newport Beach, CA 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292
Email: mrobinson@robinson firm.com

Mary Alexander
MARY ALEXANDER & ASSOCIATES, P.C.
44 Montgomery Street, Suite 1303
San Francisco, CA 94104
Telephone: (415) 433-4440
Facsimile: (415) 433-5440
Email: malexander@maryalexanderlaw.com

Attorneys for Plaintiffs and the Proposed Class

**[X]   BY CM/ECF ELECTRONIC SERVICE:** The interested party(ies) set forth below are registered CM/ECF users with the Court, and have consented to service through the Court's automatic transmission of a notice of filing.

      I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed June 28, 2018 in San Francisco, California.

_____
Rachel Ouk